**William WASHINGTON,
Plaintiff-Appellant,**

v.

**NEW YORK CITY BOARD OF ESTIMATE, Defendant-Appellee.**

**No. 804, Docket 82–7689.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 27, 1983.

Decided June 3, 1983.

for appropriate further proceedings on the § 1983 claim; in all other respects we affirm.

Charles P. Kelly, New York City, for plaintiff-appellant.

Michael Gage, Asst. Corp. Counsel, New York City (Frederick A.O. Schwarz, Jr., Corp. Counsel, City of N.Y., Carolyn E. Demarest, Asst. Corp. Counsel, New York City, on brief), for defendant-appellee.

Before OAKES, KEARSE and SLOVITER,* Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff William Washington appeals from a final judgment of the United States District Court for the Southern District of New York, Morris E. Lasker, *Judge,* dismissing his claims against defendant New York City Board of Estimate ("Board") under (a) 42 U.S.C. § 1983 (1976), (b) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e–17 (1976 & Supp. IV 1980), and (c) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1976 & Supp. V 1981). The Title VII and ADEA claims were tried to the court without a jury and were dismissed at the close of the trial; the § 1983 claim was tried before a jury, but the court refused to submit it to the jury and instead dismissed that claim as well. On appeal, Washington contends that the district court improperly denied two pretrial motions, to wit, his application to amend his complaint to add two individual defendants on his § 1983 claim, and his request to have his age discrimination claim heard by a jury. We find some merit in the first contention and accordingly remand to the district court

## BACKGROUND

Washington, an employee of the Board since 1972, commenced this action pro se on April 16, 1981. In 1978 he had held the position of clerk and office aide, and had taken a promotional examination for the position of Office Associate. Of the seven Board employees who took the test, Washington's "score," a combination of his test results and his seniority, was the highest. Washington was not promoted. His complaint alleged chiefly that the Board had denied him promotion on the basis of his race, color, gender, and age. The only defendant named in the complaint was the Board.

Thereafter Washington filed numerous documents with the court, among them a cluster of papers on May 14, 1981, the topmost of which was an application for a stay as to certain deadlines. Attached to the stay application was a second application, this one "request[ing] the amendment of the above caption," to list as defendants, in addition to the Board, "Theodore Meekins[,] Secretary of the Board of Estimate [and] Earl Wilkinson[,] Office Manager of the Board of Estimate." The court does not appear to have taken any action on Washington's application to add Meekins and Wilkinson as defendants.[1]

Apparently the summons and complaint were not served on the Board until July 29, 1981. The Board filed its answer on August 26, 1981. On September 22, Washington filed a "request that the court grant me a trial to resolve the above action." There was no mention of a jury, and the record does not reflect any demand for a jury trial. Also on September 22, Washington moved to have the court appoint an

---

* Honorable Dolores K. Sloviter, of the United States Court of Appeals for the Third Circuit, sitting by designation.

1. The record in this action, as it is reflected in the district court docket entries and the papers

lodged with this Court on appeal, appears to be incomplete. We are left to infer, principally from later acts or statements by the court or the parties, that certain actions were or were not taken.

attorney to represent him. The court denied Washington's request on November 24, and Washington proceeded pro se until July 29, 1982, five days before the start of the trial.

In the meantime, Washington conducted considerable pretrial discovery, serving, *inter alia,* eight sets of interrogatories. Most of these were addressed not to the Board but to Meekins and Wilkinson. A document demand was addressed to Meekins alone. The interrogatories inquired principally as to the promotional patterns and practices of the Board and as to the racial attitudes of Meekins and Wilkinson.

On all of the papers filed by both sides, only the Board was listed as a defendant. However, in certain documents Washington referred to Meekins and/or Wilkinson as "defendant." For example, in seeking to compel answers to certain interrogatories addressed to those individuals, Washington stated, "The defendant has stated that he could 'mess my record up.'" (Plaintiff's Exception to the Defendants' Objections to Some of My (Plaintiff's) Interrogatories, at 2.)

Irrespective of the addressee, all of Washington's discovery demands were eventually responded to by the Board. The Board timely responded to some requests but not others, and Washington moved to compel answers. In an order dated July 26, 1982, the court denied the motion without prejudice, on the basis of the Board's promise to respond soon, but "noted that it appears from the papers submitted that defendant has been tardy in responding to plaintiff's discovery requests with no explanation offered to either Washington or the court." The Board filed its answers to Washington's interrogatories on July 29.

Also on July 29, 1982, apparently, the court appointed Charles P. Kelly, Esq., to represent Washington. Trial was scheduled to begin on August 3. Kelly immediately moved, *inter alia,* to amend the complaint to add Meekins and Wilkinson as defendants on the § 1983 race discrimination claim and to be allowed a jury trial on the age discrimination claim. The court denied both requests.

Just prior to the start of the trial on August 3, these motions were renewed. The court refused to permit a jury trial on the ADEA claim, citing the tardiness of the request:

MR. KELLY: As to the case of age discrimination, is that going to the jury, that question?

THE COURT: There has been no jury demand . . . . Under the circumstances, if the City wishes to oppose it, they have a right to. I don't care one way or the other.

MR. SHAFFER [attorney for the Board]: We would oppose that.

MR. KELLY: Plaintiff requests a jury trial on the age discrimination issues.

THE COURT: I am conscious of the fact that the plaintiff would have had a right to demand a trial with regard to that issue, but he has not done so. The City has the right to oppose a late request.

(Aug. 3, 1982 Tr. at 3–4.) As to the motion to add the two proposed defendants, the court likewise adhered to its earlier ruling.

MR. KELLY: I would like to urge the Court to reconsider [the refusal to permit plaintiff to add Meekins and Wilkinson as defendants] in light of the fact that the plaintiff who was pro se has made several motions to amend the caption that I don't believe were ever ruled on and the plaintiff's pro se motion is the same motion that I am making.

In light of that and throughout the case, he has referred to Messrs. Meekins and Wilkinson as the respondents.

THE COURT: Mr. Kelly, you have done a fine job. Please don't push the points any further. The motion is denied. I have lived with this case a long time and suffered with it a long time. It is just not fair to the City to reopen the situation at this time and add a couple of defendants and have the delay.

(*Id.* at 4–5.)

The trial was held on August 3 and 4, with a jury empaneled to hear the § 1983 claim of race discrimination and the judge as factfinder on the ADEA and Title VII

claims. At the close of the evidence, the court entered judgment against Washington on all of his claims, stating as follows:

I am convinced that the 1983 charge should be dismissed and should not go to the jury. I am satisfied that it may not be accurate to say that there is no evidence of a policy or practice, although I do not think there is any, there is no evidence of any policy, practice at the Board of Estimate so that a reasonable juror could find by a preponderance of the evidence that that policy existed or that Mr. Washington was not promoted as a result of that policy.

Accordingly, I do dismiss that charge and take it from the jury.

With regard to the remaining claims under Title 7 and the age discrimination act barring discrimination on age, I am the factfinder, and I find that Mr. Washington has failed to establish by a preponderance of the evidence either claim. There are some conflicts of testimony, which I suppose have to be regarded as at least one person not telling the truth. It is also possible in some instances that neither witness is correct or accurate.

To the extent, however, that I am called upon to judge the credibility of the witnesses, I find the defendant witnesses, particularly Mr. Meekins and Mr. Wilkinson, to be credible. There are large areas of Mr. Washington's testimony which seem to me to be not credible. I must say that having to make the decision, I make the decision on that basis.

(Aug. 4, 1982 Tr. at 226–27.)

## DISCUSSION

On this appeal, Washington does not directly challenge the district court's directed verdict or findings against him. Rather he contends that the court erred (1) in not allowing him to add Meekins and Wilkinson as defendants on the race discrimination claim, and (2) in not allowing him a jury trial on his age discrimination claim.[2] We find merit only in the first contention.

### A. The Motion to Add Defendants

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ." So far as we are able to determine from the record before us and from the district court docket entries, Washington's May 14, 1981 request to amend the caption to add Meekins and Wilkinson as defendants was his first attempt to amend his complaint.[3] Since the Board did not answer the complaint until August 26, 1981, Washington was entitled on May 14, 1981 to amend his complaint as a matter of right, and his request at that time should have been granted. *See Le Grand v. Evan,* 702 F.2d 415, 417 (2d Cir.1983).

It is not clear whether or not Washington was prejudiced by the nonrecognition of his right to amend. We cannot conclude that a lack of prejudice is established simply by the district court's ruling that the evidence of a Board policy or practice was insufficient to submit the § 1983 claim to the jury. Such a conclusion would be based on speculation that the questions to and answers by the Board's two key witnesses—as well as the assessment of their testimony by the trier of fact—would have been precisely the same if Meekins and Wilkinson had been testifying as defendants rather than as wit-

**2.** Although Washington urges that we remand for "a jury trial on all issues" (Appellant's brief on appeal at 10), he has made no suggestion that he ever requested a jury trial on his Title VII claim. Nor has he cited any authority for the proposition that a jury trial would have been available on his Title VII claim, and we express no view on that question. *See Lorillard v. Pons,* 434 U.S. 575, 583–84, 98 S.Ct. 866, 871–72, 55 L.Ed.2d 40 (1978) ("intimat[ing] no view as to whether a jury trial is available under Title VII as a matter of either statutory or constitutional right"); *Curtis v. Loether,* 415 U.S. 189, 196–97, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974) (same).

**3.** Treating the actions of a pro se litigant with appropriate liberality, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we believe the request to amend the caption to add defendants should be viewed as an attempt to amend the complaint.

nesses with no exposure to individual liability. Further, we note that although the court took the § 1983 claim away from the jury, it intimated that there was perhaps some evidence of a discriminatory policy or practice, as it stated that "it may not be accurate to say that there is no evidence of a policy or practice . . . ." (Aug. 4, 1982 Tr. at 226). And we note that the decision of Washington's other claims turned solely on the credibility of the witnesses. In all the circumstances, we cannot reject the possibility that Washington may have been prejudiced by not having Meekins and Wilkinson as defendants on his § 1983 claim.

Nor does the record suggest that the Board would have been unfairly prejudiced by the addition of those individuals to the case when Washington's newly appointed counsel moved for their addition. In denying the motion the court cited the Board's objection "that the newly added defendants would have the right to reopen discovery, which would delay the trial and the City wished to proceed to trial which had been set once before and postponed." (Aug. 3, 1982 Tr. at 2.) We note, however, that actual notice of Washington's May 1981 attempt to add Meekins and Wilkinson as defendants had been given to the Board on May 12, 1981. As the Board was represented by counsel, it should have known (better than did Washington, who was pro se) that, since the Board had not then answered the complaint, Washington had the right to amend his complaint without leave of the court. Further, the Board's plaint of "delay" in response to Kelly's motion came just days after the court had "noted that . . . defendant has been tardy in responding to plaintiff's discovery requests with no explanation offered to either Washington or the court." (Order dated July 26, 1982.)

Moreover, it is hardly certain that the addition of Meekins and Wilkinson would substantially have delayed proceedings, for despite the fact that Washington's proposed amended caption was never used and the apparent fact that Meekins and Wilkinson were never served with summons and complaint, Washington had proceeded to treat them as defendants, by so characterizing

them in various papers he filed with the court, by addressing numerous interrogatories to them, and by serving a document demand addressed to Meekins. It appears that at least Meekins had a substantial role in responding to Washington's questions, for it was he who verified the Board's answers to all eight sets of interrogatories. It thus seems unlikely that Washington would have required additional discovery of the new defendants. Nor is it clear what additional discovery, if any, the individuals would have required of Washington. The Board apparently served one set of interrogatories on Washington (an inference we draw from the presence in the record of Washington's answers); since the Board apparently did not file these interrogatories with the court, we do not know their precise contents, but they apparently constituted adequate discovery for the Board's purposes. There is no basis for surmising that the questions there asked would not have covered the discovery needs of Messrs. Meekins and Wilkinson as well. In any event, it is evident from the record that the individuals whose actions Washington principally challenged were Meekins and Wilkinson, that at least one of them played a substantial role in the Board's defense of the action, and that both were key witnesses for the Board at the trial.

Given the nonrecognition of Washington's right to amend the complaint as requested on May 14, 1981, the Board's knowledge of his attempt—and his right—so to amend at that time, the Board's unexcused delay until less than a week before trial in responding to interrogatories, and the lack of any certainty that the addition of Meekins and Wilkinson would cause serious delay, the record does not reveal any basis for the court's conclusion that the addition of the two defendants would be "just not fair to the City." (Aug. 3, 1982 Tr. at 5.)

In all the circumstances, we conclude that the denial of the pretrial motion to add the individual defendants to the § 1983 claim constituted an abuse of the court's discretion. Accordingly, we vacate the dismissal

of the § 1983 claim and remand that claim for further proceedings.

## B. The Motion for a Jury Trial on the ADEA Claim

■ Section 4(c) of the ADEA, as amended, provides that a person suing for redress of age discrimination in violation of the ADEA is entitled to a trial by jury. 29 U.S.C. § 626(c)(2) (Supp. V 1981). *See also Lorillard v. Pons,* 434 U.S. 575, 585, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978). Rule 38 of the Federal Rules of Civil Procedure, which governs the procedure by which a demand for jury trial is to be made, provides, in pertinent part, as follows:

(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

. . . .

(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

Washington made his first request for a jury trial on his ADEA claim many months past the deadline set by Rule 38(b). He contends that the district court erred in denying his belated request because there was no basis on which the court could find that he had waived his right to a jury trial knowingly and intelligently. This argument misperceives the test for waiver under Rule 38.

Rule 38 "proceed[s] on the basic premise that a jury trial is waived unless a timely demand is filed," *Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 391 (2d Cir. 1983). When Rule 38(b) has not been followed,

it is clear that the test of waiver that is applied to other constitutional rights, that there must have been "an intentional relinquishment or abandonment of a known right or privilege," is not applicable to the right of trial by jury.

9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2321, at 101 (1971) (footnotes omitted). Thus, a "[w]aiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse." *Id.* at 102 (footnote omitted).[4]

We are unpersuaded by Washington's argument that the application of Rule 38 to a pro se litigant is unfair "absent some notifi-

---

4. In determining whether a party has waived his right to a jury trial, we have distinguished between acts—or failures to act—prior to the time set by Rule 38(b) for the making of a demand, and failures to make a timely demand in accordance with Rule 38. In effect we have applied a presumption against waiver in the former circumstances and a presumption in favor of waiver in the latter. *Compare National Equipment Rental, Ltd. v. Hendrix,* 565 F.2d 255, 258 (2d Cir.1977) (no waiver by signing of a contract having a jury waiver clause buried in the fine print, *and Heyman v. Kline,* 456 F.2d 123 (2d Cir.) (no waiver of right to have counterclaim tried to a jury by mere failure to assert right at a pretrial conference that preceded service of counterclaim), *cert. denied,* 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972), *with*

*Galella v. Onassis,* 487 F.2d 986 (2d Cir.1973) (waiver by failure to follow Rule 38 after removal of action from state court), *and Noonan v. Cunard Steamship Co.,* 375 F.2d 69 (2d Cir. 1967) (waiver by inadvertent failure to follow Rule 38).

It should be noted as well that if a timely demand has been made pursuant to Rule 38, Rule 39(a) provides stringent formal safeguards against an inadvertent subsequent waiver. *See Palmer v. United States,* 652 F.2d 893, 896 (9th Cir.1981). Where the right has been appropriately demanded, "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v. Schiedt,* 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935).

cation of its operation."[5] (Appellant's brief on appeal at 7.) The operation of the Rule imposes no greater burden on pro se litigants than on represented litigants, as the unintentional or unknowing failures of all litigants to comply with Rule 38 are dealt with equally. Thus, we have concluded that there was waiver where the party's attorney wrongly believed that a timely demand had been made, *Noonan v. Cunard Steamship Co.,* 375 F.2d 69 (2d Cir.1967), and where the attorney's failure to make a timely demand resulted from the removal of the case from state court, where a written request was not required, to federal court where the different procedure of Rule 38 applied, *Galella v. Onassis,* 487 F.2d 986, 996–97 (2d Cir.1973). The same rule of waiver has been applied to pro se litigants. *See Scharnhorst v. Independent School District,* 686 F.2d 637, 641 (8th Cir.1982); *McCray v. Burrell,* 516 F.2d 357, 371 (4th Cir.1975) (en banc), *cert. dismissed,* 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976).

Finally, we note that Federal Rule 39(b) provides that even if a jury demand has not been made in compliance with Rule 38, if the action is one "in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." We see no abuse of discretion here in the district court's refusal to relieve Washington of his waiver on the ADEA claim.[6] Indeed, it has not been suggested that Washington had any desire for a jury trial, until his attorney entered the case. Certainly in proceeding for more than a year pro se Washington evinced no timidity about demanding from the court whatever relief he did desire. His pro se motions included requests for stays or adjournments; a motion to amend the complaint, as discussed in Part A above; a request, shortly after the Board filed its answer, that the court proceed with the action; a request for a trial; a request for the appointment of an attorney to represent him; a request that answers to his interrogatories be submitted under oath; a motion to compel the Board to respond to his unanswered interrogatories, his document demand, and his request for a list of trial witnesses; and a request that the court call a conference of all parties. Washington's pro se request for a trial did not mention a jury; nor did his attorney suggest that Washington had believed he was thereby seeking a trial by jury. Indeed, any such

---

**5.** The present practice of the pro se office of the Southern District of New York, a practice not yet in effect when Washington commenced this action, is to provide pro se litigants with a document that reads as follows:

JURY TRIAL

In some kinds of cases you are entitled to a trial by jury. However, you lose your right to a jury trial if you do not ask for it early enough.

If you want a jury trial you should write "JURY TRIAL DEMANDED" on your complaint to the right of the caption. You can also demand a jury trial within 10 days of service of the answer.

If you have already lost your right to a jury trial, the judge might let you have a jury trial anyway if you make a motion for a jury trial, explaining why you did not ask earlier. The judge does not have to grant this motion. If you have any questions, contact the Pro-Se Clerk's Office.

We commend this practice. In so doing, however, we in no way intimate that any failure of the pro se office to supply such information would relieve the pro se litigant of his obligation to make timely demand for a jury trial. *Cf.* Fed.R.Civ.P. 77(d).

**6.** It is not clear to us on what basis a jury trial was allowed on the § 1983 claim. The court's decision to empanel a jury on that claim was preceded by unrecorded discussions, the court's later characterization of which indicated that Washington's handwritten complaint as served on the Board differed slightly from the handwritten complaint filed in the district court, in that the former contained a § 1983 claim whereas the latter did not. (Aug. 3, 1982 Tr. at 2.) Since the Board had had early notice of the claim and was prepared to defend it, the court ruled that "the complaint could be amended to the extent of authorizing a trial of the Section 1983 claim against the Board of Estimate, and that a jury would be summoned to hear that part of the case...." (*Id.* at 3.) We are unaware of any indication that the complaint served on the Board had been accompanied by a jury demand, or followed by a timely demand, on the § 1983 claim. In any event, it is unclear whether the Board urged the district court to deny a jury trial on that claim, and the Board has not suggested on appeal that the court abused its discretion in empaneling a jury on the § 1983 claim.

suggestion would apparently be belied by Washington's reaction to the Board's suggestion that a trial might be unnecessary because summary judgment might be appropriate: Washington responded that "a summary judgment would not allow *the court* to get a total view of the situation . . . ." (Document filed November 12, 1981 (emphasis added).)

## CONCLUSION

Insofar as it dismissed Washington's claims under Title VII and the ADEA, the judgment of the district court is affirmed. Insofar as the judgment dismissed the § 1983 claim, it is vacated and the cause is remanded for further proceedings with Meekins and Wilkinson added as defendants.

OAKES, Circuit Judge (dissenting):

I concur in the remand on the Section 1983 claim, but respectfully dissent as to the age discrimination claim on the jury trial point.

In respect to the age discrimination claim, I believe that Washington, as a pro se claimant, was entitled to a jury trial. A pro se claimant should not be deemed to waive a demand for jury trial absent a procedure by which he is made aware of his constitutional right to trial by jury. There is no showing in this case that Washington was informed of his right to a jury trial and of the necessity of making a written demand under Fed.R.Civ.P. 38.

The majority cites *Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389 (2d Cir.1983), which held, following *Higgins v. Boeing Co.,* 526 F.2d 1004 (2d Cir.1975) (per curiam), in a removed case, that the district court has discretion to permit the untimely filing of a jury demand. *See also Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138, 144 (5th Cir. 1979). It is true that the Second Circuit as in *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir.1967), has taken a view that the district court's discretion is exercisable only where there are special circumstances. excusing the untimely demand. This is as opposed to the broader view held by some other courts that the court should grant a jury trial in the absence of strong and compelling reasons to the contrary, *see* 9 C. Wright and A. Miller, Federal Practice and Procedure § 2334, at 113 (1971). Nevertheless even under a narrow view it seems to me that the paradigm case for permitting untimely filing is that of a pro se plaintiff, at least one who is not himself a lawyer or should not otherwise be presumed to have familiarity with the Federal Rules of Civil Procedure. This is within the spirit not only of *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), but of *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). It also adheres more closely to our own *Cascone v. Ortho Pharmaceutical Corp., supra,* and it is a very simple matter as pointed out in the majority opinion, footnote 5, for the pro se claimant to be provided with the information necessary to claim or waive jury trial.

So far as I know this is the first case in this circuit passing upon waiver of a jury trial on the part of a pro se plaintiff. The Rules, I recollect, are to be construed "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. In this day of six person juries, less-than-unanimous verdicts and facile waiver, I fear that I am one of those old-fashioned few who still believes that the emphasis of Rule 38(a) should be maintained on its last five words: "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."