SOUTH AFRICAN AIRWAYS, Plaintiff,

v.

**Meyer S. TAWIL, individually and d/b/a Venus Travel, Defendant.**

No. 86 Civ. 5362 (EW).

United States District Court,
S.D. New York.

May 1, 1987.

---

Gilbride, Tusa, Last & Spellane, New York City, for plaintiff; Bennett Last, of counsel.

Sam Polur, Bronx, N.Y., for defendant.

EDWARD WEINFELD, District Judge.

Plaintiff South African Airways ("SAA") moves to strike defendant's jury demand. On June 16, 1986, SAA commenced this action in the Supreme Court of New York. The action was removed to this court by defendant on July 8, 1986. In August 1986, defendant moved to dismiss the complaint and the motion was denied. On September 8, 1986 defendant answered the complaint in the removed action and served counterclaims with the answer. SAA answered these counterclaims on September 24, 1986. Neither party served a request for a jury trial while the action was pending in the state court and no jury demand was served within ten days of the removal of this action or within ten days of the last pleading in the action. On February 2, 1987 Sam Polur appeared on behalf of defendant (who had been acting pro se up until that time). On March 10, 1987, almost 6 months after the last pleading was filed in the case, defendant served a demand for a jury trial.

Although the action was removed from state court, this motion is governed by Rule 38(b) of the Federal Rules of Civil Procedure and not Rule 81(c). Our Court of Appeals has held that Rule 81(c) is inapplicable to a case where, as here, "the answer ... [was] not filed until after the case had been removed to the federal court. No demand had been made in the state court and New York does not automatically grant jury trials." [1]

Rule 38(b) provides that:

Any party may demand a trial by jury of any issue triable of right by a jury by writing at any time after the commencement of the action *and not later than 10 days after the service of the last pleading directed to such issue.* Such demand may be indorsed upon a pleading of the party. (emphasis added).

Rule 38(d) provides that "[t]he failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury." Thus, Rule 38 "proceed[s] on the basic premise that a jury trial is waived unless a timely demand is filed."[2]

■ It is clear that defendant's demand for a jury trial was not made within the time provided by Rule 38(b). Our Court of Appeals has held that "the settled course of decision [has] placed a gloss upon [Rule 38(b)] which a judge [can] no more disregard than if the words had appeared in the Rule itself."[3] In *Noonan* the Court stated that, "the judge's discretion has shrunk to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief."[4] In *Washington v. New York City Board of Estimate*,[5] our Court of Appeals held that "[t]hus, a '[w]aiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse.'"[6]

Moreover, in *Washington v. New York City Board of Estimate*, the Court held that the operation of Rule 38 "imposes no greater burden on pro se litigants than on represented litigants, as the unintentional or unknowing failures of all litigants to comply with Rule 38 are dealt with equally."[7] Rule 38 has therefore been held to require no notification to a pro se litigant of its operation.[8] Thus, it is clear that pursuant to Rule 38(d) defendant had waived his right to demand a jury trial.

■ However, Rule 39(b) of the Federal Rules of Civil Procedure provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues." Our Court of Appeals has indicated that when a case is removed from New York State court to federal court, circumstances may arise which justify permitting the case to be tried to a jury.[9] The Court has noted the customary New York practice, including the discretion granted by the state statute which comports with Rule 39(b). However, this case does not contain the equities which existed in *Higgins* that favored granting that party's motion for a jury trial under Rule 39(b). Unlike the situation in *Higgins*, this is a commercial dispute and not a claim for personal injuries, which is traditionally tried to a jury. In addition, SAA is an instrumentality of a sovereign, and such cases are traditionally tried to the court. Further, plaintiff filed this motion to strike the jury demand soon after the demand was made. In *Higgins* the parties had been proceeding for three years on the assumption contained in the order of consolidation that the actions were on the jury calendar.[10]

■ Finally, the fact that this is a "removed case" which ordinarily warrants "play in the joints" for accommodating a removed party "who may not be as at ease in the new surroundings imposed upon him,"[11] is of no significance here. In the instant case it was the defendant who removed the case to federal court. Moreover, once in federal court he proceeded for more than eight months without making a jury demand and he "evinced no timidity about demanding from the court whatever

**2.** *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2d Cir.1983).

**3.** *Noonan v. Cunard Steamship Co., Ltd.*, 375 F.2d 69, 70 (2d Cir.1967) (Friendly, J.).

**4.** *Id.*

**5.** 709 F.2d 792 (2d Cir.1983).

**6.** *Id.* at 797 (citing 9 C. Wright & A. Miller, *Federal Practice and Procedure* sec. 2321, at 102 (1971) (footnote omitted)).

**7.** *Id.* at 798.

**8.** *Id.* at 797–98.

**9.** See *Cascone v. Ortho Pharmaceutical Corporation*, 702 F.2d 389, 392 (2d Cir.1983); *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir.1975).

**10.** See *Higgins v. Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir.1975).

**11.** *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 392 (2d Cir.1983).

relief he did desire."[12] In July 1986 he removed this action to federal court, in August 1986 he moved to dismiss the action and in September 1986 he answered the complaint and asserted various counterclaims. His demand for a jury trial was not made until March 1987.

In conclusion, defendant has waived his right to demand a jury trial under Rule 38, and his oral motion for relief from his waiver under Rule 39 is denied. Plaintiff's motion to strike the jury demand is granted.

So Ordered.

---

**12.** *Cf. Washington v. New York Board of Esti-*　*mate,* 709 F.2d 792, 708 (2d Cir.1983).