31 F.3d 1015
 29 Fed.R.Serv.3d 1519
 UNITED STATES of America, ex. rel. The PRECISION COMPANY;
the Precision Company; William I. Koch; and
William A. Presley, Plaintiffs-Appellants,
v.
KOCH INDUSTRIES, INC.; Koch Exploration Co.; Koch
Pipeline, Inc.; Koch Services, Inc.; Koch Gathering
Systems, Inc.; Minnesota Pipe Line Co.; Quanah Pipeline
Corp.; Quivira Gas Co.; Koch Oil Co. of Texas, Inc.; Gulf
Central Storage & Terminal Co. of Nebraska; Southwest
Pipeline Co.; Chaparral Pipeline (NGL) Co.; Gulf Central
Pipeline Co.; and Kogas, Inc., Defendants-Appellees.
 No. 93-5006.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 2, 1994.
 
 Arthur R. Miller (J. David Jorgenson, G.W. Turner, III, and Sean H. McKee, Conner & Winters, Tulsa, OK, with him on the briefs), Cambridge, MA, for plaintiffs-appellants.
 Robert L. Howard (James M. Armstrong and Timothy B. Mustaine, Foulston & Siefkin, Wichita, KS; and Clyde A. Muchmore and Timila S. Rother, Crowe & Dunlevy, Oklahoma City, OK, with him on the briefs), Foulston & Siefkin, Wichita, KS, for defendants-appellees.
 Before MOORE and EBEL, Circuit Judges, and VRATIL, District Judge.*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is the second appeal brought to us from an order dismissing a False Claims Act action on defendants' motion. In the first appeal, we affirmed the district court's dismissal for lack of subject matter jurisdiction. United States ex rel. Precision Co. v. Koch Indus., Inc., 971 F.2d 548 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1364, 122 L.Ed.2d 742 (1993) (Precision I ). As a consequence of the district court's dismissal of Precision I, plaintiff, Precision Company, took actions which are the subject of this appeal. Here, we consider whether Precision's two sole stockholders are prohibited from joining an existing action by 31 U.S.C. Sec. 3730(b)(5), which bars intervention in a False Claims Act case, and whether their addition as plaintiffs to a pending complaint requires an order of court under Fed.R.Civ.P. 21. We hold the stockholders are not intervenors within the plain language of Sec. 3730(b)(5), and, therefore, the statute does not bar their entry into the litigation. Additionally, we conclude the district court erred in deciding the addition of plaintiffs to pending litigation is governed by Fed.R.Civ.P. 21 and not by Fed.R.Civ.P. 15(a) under the circumstances of this case. We reverse the contrary judgment of the district court.
 
 
 2
 The historical facts of this case are thoroughly set forth in Precision I and need not be repeated here except for certain essential details. The current controversy (Precision II) was conceived in Koch Industries' motion to dismiss Precision I. In their motion, defendants argued the district court lacked subject matter jurisdiction over Precision's qui tam claims because Precision had failed to show it was an "original source" of the information, as required by 31 U.S.C. Sec. 3730(e)(4)(A).[1] The district court granted the motion, holding Precision could not qualify as an original source because it had failed to submit certain documents to the Government.
 
 
 3
 Precision subsequently launched an offensive on two fronts. First, it delivered additional information to the Government. Believing it had cured any jurisdictional defect, Precision then filed Precision II initiating the action which, after additional rulings in the district court, has culminated in this appeal. Second, in parallel to the filing of the new complaint, Precision filed the Precision I appeal. While that appeal was prosecuted, the present action lay dormant in the district court.
 
 
 4
 We concluded Precision I by affirming the district court's dismissal. 971 F.2d at 554. We agreed with the district court's holding Precision was not an original source, but amplified that ruling by pointing out Precision had made no showing that it had a legitimate claim to the information gathered by its stockholders, William Koch and William Presley. Subsequently, Mr. Koch and Mr. Presley moved to be added as parties in Precision I, but we summarily denied the motion.
 
 
 5
 Within a week after publication of our decision in Precision I, an amended complaint was filed in Precision II under Fed.R.Civ.P. 15(a) which joined William Koch and William Presley as plaintiffs. In response, defendants renewed their pending motion to dismiss, arguing the amended complaint had failed to cure any of the original complaint's defects. Finding 31 U.S.C. Sec. 3730(b)(5) forbids the inclusion of the two individuals in the action and Precision violated Fed.R.Civ.P. 21 by attempting to add parties without seeking the court's permission, the district court granted defendants' motion to dismiss.[2] This appeal followed.
 
 I.
 
 6
 Plaintiffs first argue that the district court erred in its interpretation of 31 U.S.C. Sec. 3730(b)(5), which provides: "When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." (emphasis added). In its order, the district court reasoned:
 
 
 7
 It is doubtful that Sec. 3730 contemplates multiple private [relators], but certainly not in the belated context of the Precision Company's ill-fated effort. Any lawsuit commenced by Messrs. Koch or Presley as private [relators] under 31 U.S.C. Sec. 3730 should be commenced in a separate proceeding and comply with the conditions of Sec. 3730 relative to subject matter jurisdiction.
 
 
 8
 Because the meaning of Sec. 3730(b)(5) raises a question of law, we review this decision de novo. Homeland Stores, Inc. v. Resolution Trust Corp., 17 F.3d 1269, 1272 (10th Cir.1994).
 
 
 9
 Plaintiffs posit the statute's language unmistakably bars only intervention by strangers to the plaintiff, and Congress never intended to prohibit the inclusion of persons who are real parties in interest. In marked contrast, the main thrust of defendants' argument is Congress did not limit the statute's text to Fed.R.Civ.P. 24 interventions. Rather, Koch Industries insists, Congress also meant to prohibit the addition, substitution, or joinder of any person, regardless of relation to the original party. Indeed, defendants caution, if this court adopts Precision's arguments, the statute could conceivably permit qui tam class actions, a result not supported by the statute's legislative history.
 
 
 10
 The district court dismissed the amended complaint because it believed Mr. Koch and Mr. Presley were trying to resuscitate a case it considered moribund. Reasoning Sec. 3730 does not contemplate multiple private relators, at least in the context of reinvigorating stalled litigation, the court found the individuals were intervening in violation of statutory law.
 
 
 11
 We approach this issue from a different direction. We believe the focal point for proper analysis is the word "intervene" contained in Sec. 3730(b)(5). Is that word to be interpreted in its narrow, Fed.R.Civ.P. 24 plain legal meaning, or should it be granted greater breadth, as defendants suggest, to include any form of joinder? Our judgment tells us the statute implies intervention of the types set forth in Rule 24(b)(2), and the addition of parties does not constitute intervention. Indeed, the legislative history of Sec. 3730(b)(5) implies that view. As the Senate noted, the section was adopted to prevent "multiple separate suits based on identical facts and circumstances." S.Rep. No. 99-345, 99th Cong., 2d Sess. 25 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5290. Rule 24(b)(2) intervention is nothing more than a joinder of claims or issues which fall within that very description.
 
 
 12
 Indeed, we have already noted Rule 24 permits unrelated persons who are strangers to the existing action to become parties if their interests are appropriately related. See Sanguine, Ltd. v. United States Dep't of Interior, 736 F.2d 1416, 1420 (10th Cir.1984). An intervenor need not have a relation to the original plaintiff if the claims or interests of the two parties are related or share a common question of law or fact. Rule 24(b)(2) permits intervention by a party asserting a "question of law or fact in common" with the original plaintiff. Because Rule 24(b)(2) existed long before the enactment of Sec. 3730(b)(5), we must presume Congress was aware of the accepted meaning of "permissive intervention" and intended to employ that meaning when the statute was written.
 
 
 13
 Thus, when Sec. 3730(b)(5) speaks of intervention, it means to prohibit parties unrelated to the original plaintiff from joining the suit to assert a claim based on the same facts relied upon by the original plaintiff. See Erickson ex rel. United States v. American Institute of Biological Sciences, 716 F.Supp. 908, 918 (E.D.Va.1989) ("The qui tam complaint filed first blocks subsequent qui tam suits based on the same underlying facts. In so doing, the statute prevents a double recovery."). This interpretation gives substance to the legislative intent to prohibit "multiple separate suits based on identical facts and circumstances." Moreover, if defendants' view were correct, the statute would permit an action by only one person. Although written in the singular, there is nothing within the text of the statute suggesting the remedies it provides are limited to only one plaintiff. At least, there is no direct provision creating that limitation.
 
 
 14
 We conclude, then, the district court erred in holding the addition of the individual plaintiffs violated Sec. 3730(b)(5). Thus, we turn to the issue of whether the court correctly noted "in the context of this case, Fed.R.Civ.P. 21 should take precedence over Fed.R.Civ.P. 15(a)."
 
 II.
 
 15
 Plaintiffs contend the district court erred in ruling Koch and Presley could not be added as plaintiffs "as a matter of course" under Fed.R.Civ.P. 15(a).[3] After the appellate ruling in Precision I, Precision filed an amended complaint which simply added William Koch and William Presley as plaintiffs. It is undisputed Precision made no substantive changes to the body of the complaint. Under Rule 15(a), Precision believed it could amend its complaint as a matter of course because defendants had not filed a responsive pleading.
 
 
 16
 The district court held otherwise, concluding Precision's amendment required leave of court because it believed Rule 21[4] governed over the more general text of Rule 15.[5] Correspondingly, the court ruled under Rule 21 it would not grant Precision leave to file the amendment, reasoning the amended complaint was filed so late the addition of the two individuals would be highly prejudicial. We view this matter de novo as an issue of law.
 
 
 17
 We have already decided Rule 15(a) governs the addition of a party. In explicit terms, we said in Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir.1993), "A motion to add a party is governed by Fed.R.Civ.P. 15(a)." We later amplified that statement by adding, "To the extent that Plaintiffs' motion to supplement sought the addition of a party, it is controlled by Rule 15(a) because it is actually a motion to amend." Id.; see also Gilles v. United States, 906 F.2d 1386, 1391 (10th Cir.1990) (en banc), and McLellan v. Mississippi Power & Light Co., 526 F.2d 870, 872-73 (5th Cir.1976), vacated in part on other grounds, 545 F.2d 919 (5th Cir.1977) (en banc).
 
 
 18
 Indeed, our posture was established many years ago in another case involving an attempted amendment to add a plaintiff. We stated:
 
 
 19
 There is a division of authority among the circuits concerning the allowance of amendments which involve the adding of parties. However, we believe the philosophy underlying the federal rules [has been] well expressed by the Supreme Court ... and is controlling: "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." This purpose is not furthered by giving Rule 15 lip service rather than full fealty. Nor is the purpose of the federal rules furthered by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced. The ends of justice are not served when forfeiture of just claims because of technical rules is allowed.
 
 
 20
 Travelers Indem. Co. v. United States ex rel. Construction Specialties Co., 382 F.2d 103, 105-06 (10th Cir.1967) (quoting Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)) (other citations omitted). Because the amendment was made before defendants had filed a responsive pleading, plaintiffs were entitled to the amendment as a matter of right. Thus, the district court erred in its refusal to recognize that right.[6]
 
 
 21
 Although cast in the guise of an argument on standing, defendants contend they are adversely affected by the addition of the stockholders. Defendants assert the amendment was barred by the "longstanding and clear rule that 'if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.' " Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co., 700 F.2d 889, 893 (2d Cir.) (quoting Pianta v. H.M. Reich Co., 77 F.2d 888, 890 (2d Cir.1935)), cert. denied, 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983); see also Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir.1988) (quoting Summit Office Park, Inc. v. United States Steel Corp., 639 F.2d 1278, 1282 (5th Cir. Unit A 1981) ("Since there was no plaintiff before the court with a valid cause of action, there was no proper party available to amend the complaint.")); Aetna Casualty & Sur. Co. v. Hillman, 796 F.2d 770, 774 (5th Cir.1986) ("[I]f Aetna did not have the ability to bring the suit in federal court it could not amend.").
 
 
 22
 We are unpersuaded by this argument. The defendants take the technical position that prior rulings of this and the district court established Precision Company could not have standing; therefore, no complaint existed to amend. That argument is subject to the equally technical response that at the time the amended complaint was filed no determination of standing had been made. The district court decided it was without subject matter jurisdiction in Precision I because plaintiff failed to give required notice to the Government. Arguably, when the amended complaint was filed, that failure had been cured and no question of standing had been raised. It was not until this Court refined the subject matter jurisdiction issue that Precision's standing was injected into the case; and, by that time, the second complaint, ostensibly viable, was before the district court.
 
 
 23
 Whether Precision has overcome the original subject matter problem by the addition of the stockholders is as yet unanswered and not before us. Nonetheless, this day should not be carried by a chicken and egg argument but rather by a pragmatic view of the circumstances of this case.[7]
 
 
 24
 Defendants raise additional issues not ruled upon by the district court. Because those questions were not considered by the trial court, we choose not to review them. Cf. In re Texas Int'l Corp., 974 F.2d 1246, 1247 n. 3 (10th Cir.1992). The judgment of the district court is REVERSED, and the cause is REMANDED for further proceedings.
 
 
 
 *
 Honorable Kathryn H. Vratil, District Judge for the United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 An original source is "an individual who has direct and independent knowledge of the information on which allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on this information." 31 U.S.C. Sec. 3730(e)(4)(B) (emphasis added)
 
 
 [2]
 Two other grounds were presented, but they were not ultimately ruled upon by the district court and, consequently, are not before us in this appeal
 
 
 [3]
 Rule 15(a) states:
 A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
 
 
 [4]
 In part, Rule 21 provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."
 
 
 [5]
 Of course, where the parties have sought leave of court, there is no conflict between Rule 15(a) and Rule 21. 6 Charles A. Wright et al., Federal Practice and Procedure Sec. 1474, at 544 (2d ed. 1990)
 
 
 [6]
 We are not unmindful of the district court's concern that the attempted addition of the stockholders came late in the litigation and, consequently, was prejudicial to the defendants. Indeed, late day amendments following a course of litigation involving time and expense to the defending party should be carefully scrutinized. Yet, under the facts of this case, we must disagree with the district court's conclusion because the court broadened its focus beyond this suit to the entire historical relationship of the parties. That relationship involves substantial litigation between them. The existence of that history begs the question presented here, however
 
 
 [7]
 Further, "[o]ne of the [False Claims Act's] primary purposes is to encourage individuals knowing of government-related fraud to come forward with that information.... By minimizing the obstacles faced by qui tam plaintiffs, we believe that this type of government 'whistleblowing' will be further encouraged." United States v. NEC Corp., 11 F.3d 136, 139 (11th Cir.1993)