23-311-bk

# United States Court of Appeals
# For the Second Circuit

---

August Term 2023
Argued: January 10, 2024
Decided: March 12, 2024

No. 23-311-bk

---

IN RE: ORION HEALTHCORP, INC.

*Debtors.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AQUILA ALPHA LLC,

*Appellant,*

*v.*

HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., *ET AL.*, CHT HOLDCO, LLC, AND CC CAPITAL CHT HOLDCO LLC,

*Appellee,*

1

UNITED STATES TRUSTEE,

*Trustee.*

---

Appeal from the United States District Court
for the Eastern District of New York
No. 22-cv-2148 , Frederick Block, *Judge*.

---

Before:       CALABRESI, NATHAN, *Circuit Judge*s, AND NAGALA,
              *District Judge.*[*]

Appellant Aquila Alpha LLC (Aquila) appeals from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*) affirming the bankruptcy court's decision denying Aquila's motion to vacate a default judgment. We agree with the district court that the bankruptcy court possessed personal jurisdiction over the parties. We also agree with the district court that the bankruptcy court properly applied the Rule 60(b) factors to deny Aquila's motion to vacate default. Accordingly, we **AFFIRM** the judgment of the district court.

---

> ANTHONY    F.    GUILIANO,
> Giuliano Law P.C., Melville,
> NY, *for Appellant*.
>
> BRIGITTE R. ROSE (John P.
> Amato, Joseph Orbach, Mark T.

---

[*] Judge Sarala V. Nagala, of the United States District Court for the District of Connecticut, sitting by designation.

Power, *on the brief*), Thompson
Coburn LLP, New York, NY, *for
Appellee*.

———

PER CURIAM:

## BACKGROUND

Appellant Aquila Alpha LLC (Aquila) appeals from a judgment
of the United States District Court for the Eastern District of New York
(Block, *J.*) affirming the bankruptcy court's decision denying Aquila's
motion to vacate a default judgment.  The default judgment had been
obtained by Howard M. Ehrenberg (Liquidating Trustee) in his
capacity as the liquidating trustee of Appellee debtors, including
CHT Holdco, LLC (CHT), Orion HealthCorp, Inc., and CC Capital
(collectively, Debtors).  It granted Debtors ownership of a $23.7
million mortgage (the Mortgage) purchased by Aquila for $3.8
million.

For the reasons set forth below, we **AFFIRM** the judgment of
the district court.

## DISCUSSION

This Court conducts a plenary review of district court orders
issued in their capacity as appellate courts in bankruptcy cases.  *See
In re Duplan Corp.*, 212 F.3d 144, 151 (2d Cir. 2000).  We review the
bankruptcy court's conclusions of law *de novo* and its factual findings
for clear error.  *Id.*  An entry of a default judgment is reviewed for
abuse of discretion.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d
Cir. 1993).  We leave the decision of whether to set aside a default "to

the sound discretion of [the] district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Id.*

In this case, Aquila argues that the district court should have set aside the default judgment for two reasons: first, the judgment was void for lack of personal jurisdiction under Rule 60(b)(4); and second, in any event, the district court misapplied the relevant Rule 60(b) factors in declining to vacate the default judgment for good cause. For the reasons set forth below, we disagree and conclude that the district court did not abuse its discretion in declining to set aside the default judgment.

## I.  Personal Jurisdiction

Aquila argues that vacatur of the default judgment is appropriate under Rule 60(b) because the bankruptcy court lacked personal jurisdiction over it. A court may set aside entry of default judgment under Rule 60(b) for "mistake, inadvertence, surprise, or excusable neglect," because "the judgment is void," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (4), (6). "A judgment is void if the court that rendered it lacked jurisdiction of the parties." *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008) (cleaned up). Specifically, Aquila claims that personal jurisdiction was lacking here because (1) Aquila was improperly joined to the First Amended Complaint without leave from the bankruptcy court, and (2) Aquila was not properly served. Neither argument succeeds.

### A.  Federal Rule of Civil Procedure 15(a)

4

First, we agree with the district court that Aquila was properly added to the First Amended Complaint as of right pursuant to Rule 15(a). *See* Fed. R. Civ. P. 15(a)(1) (allowing a party to "amend its pleading once as a matter of course"). Aquila argues, however, that the addition of parties to a complaint should be governed solely by Rule 21 and always requires leave of court. *See* Fed. R. Civ. P. 21 (permitting a court to "add or drop a party" from a suit "[o]n motion or on its own"). But this Court has previously relied exclusively on Rule 15(a) to hold that a district court should have permitted a plaintiff to amend his complaint to add parties, implicitly holding that such use of Rule 15(a) is proper. *See Washington v. New York City Bd. of Estimate*, 709 F.2d 792, 795 (2d Cir. 1983).[1] And although the Court has since stated otherwise in a nonprecedential summary order, *see Renard v. Dillman*, No. 97-9080, 1998 WL 642474, at *2 (2d Cir. Apr. 6, 1998), our decision in *Washington* controls.

We thus conclude that Rule 15(a) does apply to amendments seeking to add parties. If a plaintiff seeks to add a party to the complaint no later than twenty-one days after service of the complaint or after service of a responsive pleading, the plaintiff may do so once as of right under Rule 15(a) without seeking permission of the court under either Rule 15 or Rule 21. *See* Fed. R. Civ. P. 15(a)(1). We

---

[1] A majority of other circuits to have addressed the issue have similarly held that Rule 15(a) permits parties to be added as a matter of right. *See Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) (citing *Washington*, 709 F.2d at 795); *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018–19 (10th Cir. 1994); *McLellan v. Miss. Power & Light Co.*, 526 F.2d 870, 872–73 (5th Cir. 1976), *vacated in part on other grounds*, 545 F.2d 919 (5th Cir. 1977) (en banc). *But see Ed Miniat, Inc. v. Globe Life Ins. Grp., Inc.*, 805 F.2d 732, 736 (7th Cir. 1986).

therefore agree with the district court's conclusion that Aquila's personal jurisdiction argument based on Rule 21 is foreclosed by Circuit precedent.

### B. Service

We next conclude that Aquila was properly served. The First Amended Complaint, the Second Amended Complaint, and the default motion were served upon Aquila via delivery by U.S. mail to two addresses: the Dover Address (Aquila Alpha LLC c/o National Registered Agents, Inc., 160 Greentree Drive Suite 101, Dover DE 19904) and the Hazlet Address (Aquila Alpha LLC, 3400 Route 35 South, Suite 9, Hazlet NJ 07730). Aquila maintains that service to these addresses was improper. We disagree.

First, Aquila was properly served with the First Amended Complaint. The Bankruptcy Rules permit service "to the attention of an . . . agent authorized by appointment or by law to receive service of process and . . . by also mailing a copy to the defendant." Fed. R. Bankr. P. 7004(b)(3). Appellee Liquidating Trustee did exactly that, and Aquila's claim that service addressed to "Aquila Alpha LLC c/o National Registered Agents, Inc." is not service "to the attention of an . . . agent," *see id.*, is baseless.

Aquila also contends that the bankruptcy court relied on inadmissible evidence to determine that the Hazlet Address was the proper address for service on Appellant. The bankruptcy court referred to exhibits attached to an affidavit submitted by Frank Lazzara, an accountant hired by the Liquidating Trustee. Aquila raises objections to two types of admitted documents attached to

6

Lazzara's affidavit: (1) emails sent by Paul Parmar—the former CEO and Chairman of the Board of debtor CHT and a defendant in the proceeding—directing that Aquila's bank account be opened and setting the Hazlet Address as Aquila's mailing address for the account; and (2) bank records listing the Hazlet address as Aquila's mailing address.

We agree with the district court's determination that the bankruptcy court did not abuse its discretion by admitting these exhibits. Aquila first objects that these exhibits were not properly authenticated. Under Federal Rule of Evidence 901(a), the burden rests on the proponent of documentary evidence to provide "evidence sufficient to support a finding that the item is what the proponent claims it is." We have said that "[t]he bar for authentication of evidence is not particularly high," *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007), and "may be cleared by circumstantial evidence," *United States v. Tin Yat Chin*, 371 F.3d 31, 37 (2d Cir. 2004) (quotation marks omitted). Here, Lazzara's personal knowledge and testimony provided sufficient circumstantial evidence to authenticate the records. *See* App'x 100 (testifying that he is "personally familiar with CHT's books and records and the historical communications that were committed to e-mail"). We thus conclude that the district court did not abuse its discretion in ruling that the exhibits were properly authenticated.

Nor do these exhibits constitute inadmissible hearsay. Rather, the bankruptcy and district courts rightly concluded that the documents were admissible under the business records exception. *See* Fed. R. Evid. 803(6) (business records exception); *see also United*

*States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010) ("Rule 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all." (quotation marks omitted)).  Lazzara testified as to his familiarity with how the records were obtained and stored as part of CHT's business activities, supporting the district court's conclusion that creating and maintaining such records would be a routine practice of Aquila's.  *See* App'x at 100-04, 257-58.  We cannot say, therefore, that the district court's admission of these exhibits was an abuse of discretion.[2]

Our resolution of Aquila's challenge to service of the First Amended Complaint helps resolve the challenges to service of the Second Amended Complaint and default motion.  The district court agreed with the bankruptcy court that service of the Second Amended Complaint was unnecessary because, at the time the Second Amended Complaint was filed, Aquila was in default and the Second Amended Complaint asserted no new claims against Aquila.  *See* App'x at 228-29.  Aquila therefore was not entitled to service under Rule 5(a)(2) which provides that "[n]o service is required on a party who is in default for failing to appear."  Fed. R. Civ. P. 5(a)(2).  On appeal, Aquila objects that the district court's determination was

---

[2] In addition to arguing that the exhibits are unauthenticated and hearsay, Aquila also claims that the Hazlet Address is the address of a different New Jersey entity with the same name as Aquila.  The first time this argument is raised is in Aquila's reply brief.  As such, the issue is not properly before us, because we deem it waived.  *See* Fed. R. App. P. 28(a)(5); *Cioffi v. Averill Park Central Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 169 (2d Cir. 2006) (refusing to consider argument raised for the first time in reply brief).  Appellee's motion to strike that part of Aquila's reply brief is therefore granted.

"based on the erroneous conclusion that Appellant was made a party to the First Amended Complaint [and] was properly served" in the first place. Appellant's Br. at 32. But, as we have said, that conclusion was not erroneous. Given that Aquila was properly joined to and served the First Amended Complaint, Aquila was not entitled to service of the Second Amended Complaint.[3]

Finally, Aquila contends that the default motion was improperly served as well. Under Rule 7055-1 of the relevant Local Bankruptcy Rules, a default motion must be served on the defaulting party or its attorney. *See* E.D.N.Y. LBR 7055-1. Service of motions by "mailing it to the person's last known address" is permitted. Fed. R. Civ. P. 5(b)(2)(C). And as the bankruptcy and district courts observed, the default motion was served on the Hazlet Address, Aquila's last known address at the time. *See* App'x at 238-39, 260. We have already rejected Aquila's objections to service at the Hazlet Address.

Accordingly, we agree with the district court's determination that service was proper.

## II. Rule 60(b) Factors

Even if the default judgment is not void for lack of personal jurisdiction, Aquila contends, the bankruptcy court abused its discretion in denying the vacatur motion based upon its application of the Rule 60(b) good cause factors. Here too, we disagree.

---

[3] In any event, for the reasons stated by the bankruptcy and district courts, we also agree that service of the Second Amended Complaint on the Hazlet Address was proper.

9

When a district court decides a motion to vacate a default judgment under Rule 60(b), the court's determination is guided by three principal factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Of these factors, willfulness carries the most weight. *See Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991). [4] Moreover, a district court has discretion to deny a motion to vacate "if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense." *SEC*, 137 F.3d at 738. In such cases, any absence of prejudice to the non-defaulting party is not dispositive. *Id.*

We agree first with the bankruptcy court's and district court's determinations that Aquila's default was willful. This Court has "interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless." *McNulty*, 137 F.3d at 738. Here, default judgment was entered after Aquila failed to file an answer or otherwise respond to the claims made against it in this matter, "despite having received proper service of process of the First Amended Complaint and associated summons at two

---

[4] Although our Court has previously said that "[a] default should not be set aside when it is found to be willful," we do not read that statement to mean that the Rule 60(b) analysis must end once a court has made that finding. *Action S.A.*, 951 F.2d at 507. Rather, it suggests that willfulness is the most significant factor. Indeed, even in *Action S.A.*, after finding that default was willful, the Court proceeded to find that the defaulting party could neither establish a meritorious defense nor rebut the opposing party's claim of prejudice. *Id.* at 507-08.

locations, despite having been served with the Second Amended Complaint and associated summons at its place of business, and despite having been served with the Default Motion and substantial supporting documents at its place of business." App'x at 241. The bankruptcy court also found that John Petrozza, Aquila's purported owner, had been aware of the proceeding since at least July 2020, when he filed papers in an adversary proceeding bearing the caption of the case. In reaching that conclusion, the bankruptcy court found Petrozza's claims of ignorance not credible—a determination which was not clearly erroneous. *See id.* We find no error in these willful default findings.

Nor can we say that the district court erred in its finding that vacating the default would cause prejudice to the nondefaulting party. The court correctly affirmed the bankruptcy court's determination that vacating the default would prejudice the liquidating trustee because of the accrual of outstanding unpaid property taxes, the potential for commencement of a tax lien foreclosure, and the statute of limitations issues that arise due to the passage of time. *See* App'x at 243-44, 267.

Finally, the potential defenses Aquila might have raised at trial are not dispositive. At the outset, we find that two of Aquila's three defenses are clearly meritless. Whether a defense is meritorious "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98. Aquila first contends that the Second Amended Complaint was time-barred by the statute of limitations set forth in Section 546(a) of the

11

Bankruptcy Code because it cannot relate back to the First Amended Complaint, to which Aquila was never properly added. But here again, Aquila's argument hinges on the personal jurisdiction arguments we have rejected. Aquila's second defense is that Appellee failed to establish that the $3.8 million used to purchase the Mortgage was property of the Debtors. The record indicates, however, that the $3.8 million at issue originated from a bank account in the name of Debtor CHT at M&T Bank, *see* App'x at 94, and Aquila has failed to put forward any evidence to suggest otherwise.

Aquila's final defense is that the relief sought in the Second Amended Complaint—transfer of the Mortgage to Debtors—is not cognizable under the Bankruptcy Code because the Mortgage was never in the Debtors' property. Bankruptcy Code Section 550(a) permits the Debtors to recover "the property transferred, or . . . the value of such property." 11 U.S.C. § 550(a). Here, Aquila argues, transfer of the Mortgage is not a cognizable remedy because the value of the Mortgage is far more than the $3.8 million diverted from CHT. The district court, on the other hand, rejected this defense as meritless on grounds that the Mortgage constitutes the "value derived" from the initial transferred property. *See* App'x at 265. Whether the Mortgage transfer is a cognizable remedy under Section 550(a) may present a closer question, particularly given the lack of binding precedent. But we need not solve that problem today. Where, as here, default was egregiously willful and vacatur would cause prejudice to the nondefaulting party, a district court does not abuse its discretion in denying the motion to vacate the default.

We therefore hold that the district court did not abuse its

12

discretion in denying Aquila's motion to vacate the entry of default.

## CONCLUSION

Accordingly, the judgment of the United States District Court for the Eastern District of New York is **AFFIRMED**.