**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA ex rel.
DONALD LITTLE and KUROSH
MOTAGHED,

      Plaintiffs - Appellees,

v.

TRIUMPH GEAR SYSTEMS, INC.,

      Defendant - Appellant.

No. 16-4152
(D.C. No. 2:12-CV-00922-DAK)
(D. Utah)

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:12-CV-00922-DAK)**
_____

Douglas W. Baruch, Fried, Frank, Harris, Shriver & Jacobsen LLP, Washington, D.C.
(John T. Boese, Michael J. Anstett and Aaron T. Tucker, Fried, Frank, Harris, Shriver &
Jacobsen LLP, Washington, D.C., and Jason D. Boren, Ballard Spahr, LLP, Salt Lake
City, Utah, with him on the brief), for Defendant-Appellant.

Edward A. McConwell, McConwell Law Offices, Mission, Kansas (Donald E. Little,
Austin, Texas, with him on the brief), for Plaintiffs-Appellees.
_____

Before **TYMKOVICH**, Chief Judge, **LUCERO** and **MORITZ**, Circuit Judges.
_____

**MORITZ**, Circuit Judge.
_____

This appeal arises from the efforts of several whistleblowers to navigate the

procedural minefield of the False Claims Act (FCA). *See* 31 U.S.C. §§ 3729-3733. In

2012, Joe Blyn commenced this FCA action by filing a sealed complaint in the district court. The complaint named Donald Little as Blyn's counsel of record. Months later, Little filed an amended complaint that named himself and a third person, Kurosh Motaghed, as the sole relators.[1] Blyn was excised from the caption—and the rest of the amended complaint—without explanation.

Defendant Triumph Gear Systems, Inc. (Triumph) moved to dismiss Little and Motaghed's claims. Triumph argued that their claims are barred by the FCA's first-to-file rule, which prohibits new relators from intervening in a pending FCA action. *See* § 3730(b)(5). The district court denied Triumph's motion, and Triumph appeals. Because we conclude that Little and Motaghed's entry into the action violated § 3730(b)(5), we reverse.

## I

Triumph is a government contractor that manufactures aerospace gear systems. Blyn worked as an independent contractor for Triumph, and he alleges that he witnessed instances of fraud on the United States by Triumph. In October 2012, Blyn filed a sealed complaint in the district court claiming that Triumph violated the FCA. The complaint named Blyn and three John Does as relators. And the complaint identified Little as Blyn's counsel of record, but not as a relator.

---

[1] Although the United States is the real plaintiff in interest in FCA actions, a private party may serve as a qui tam plaintiff—called a relator—on the government's behalf. *See* § 3730(b)(1); *United States ex rel. Milam v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 961 F.2d 46, 50 (4th Cir. 1992).

In July 2013, Blyn vanished from the action. Little filed an amended complaint that made no mention of Blyn or the John Does, either in the caption or elsewhere. Inexplicably, in several instances, Little seems to have simply substituted his name for Blyn's without regard for the resulting incongruities. For example, Paragraph 24 of the complaint alleges that "[o]n September 6, 2006, Relator Joseph Blyn went down to heat treat and verified in person that the inspection requirements for gear inspection" were "not being carried out." App. 22. Paragraph 24 of the amended complaint makes an identical allegation, but substitutes attorney Little for Blyn.[2] And while the docket sheet indicates that the original complaint was "filed by Joe Blyn," the amended complaint was "filed by Donald Little [and] Kurosh Motaghed." App. 4. Oddly, none of the amended complaint's substantive allegations pertain to Motaghed, despite his status as a putative relator.

After the United States declined to intervene, the district court unsealed the amended complaint. Little and Motaghed amended the complaint twice more, and Triumph moved to dismiss the third amended complaint on multiple grounds. As relevant to this appeal, Triumph argued that the district court lacked jurisdiction over Little and Motaghed's claims under the FCA's first-to-file rule. Under that rule, when a relator brings a qui tam action under the FCA, "no person other than the [g]overnment may [1] intervene or [2] bring a related action based on the facts underlying the pending

---

[2] When we asked Little and Motaghed's counsel at oral argument to explain these rote substitutions, he responded only that he didn't draft the amended complaint.

3

action." § 3730(b)(5). Triumph maintained that when Little filed the amended complaint, he and Motaghed effectively intervened as new relators and replaced Blyn.

The district court disagreed. Relying on our decision in *United States ex. rel. Precision Company v. Koch Industries, Inc.*, 31 F.3d 1015 (10th Cir. 1994), the district court reasoned that § 3730(b)(5)'s bar on "interven[ing]" applies only to interventions under Federal Rule of Civil Procedure 24—and not to additions or substitutions accomplished through Federal Rule of Civil Procedure 15. The district court concluded that Little and Motaghed entered the action through a Rule 15 amendment and, accordingly, aren't barred by § 3730(b)(5). The district court rejected Triumph's additional grounds for dismissal and denied Triumph's motion.

The district court certified for interlocutory appeal its order denying Triumph's motion to dismiss. We granted Triumph's petition for permission to file this interlocutory appeal.

After the appeal was docketed, Little and Motaghed filed a motion in this court to amend the third amended complaint. Their proposed fourth amended complaint would add Blyn as a plaintiff.

## II

Triumph argues on appeal that the district court lacked jurisdiction over Little and Motaghed's claims. Because Triumph's argument presents questions of subject matter jurisdiction and statutory interpretation, our review is de novo. *Niemi v. Lasshofer*, 770 F.3d 1331, 1344 (10th Cir. 2014); *Precision*, 31 F.3d at 1017.

4

The FCA permits a qui tam plaintiff to "bring a civil action . . . for the [plaintiff] and for the United States [g]overnment." § 3730(b)(1). If the suit ultimately yields damages for the government, the relator generally shares in the award. *See* § 3730(d)(1)-(3). Congress intended this private cause of action to "encourage those with knowledge of fraud to come forward." *United States ex rel. Fine v. MK-Ferguson Co.*, 99 F.3d 1538, 1546 (10th Cir. 1996). But to prevent parasitic and duplicative lawsuits, the FCA imposes an important constraint on qui tam actions: the first-to-file rule. *See Grynberg ex rel. United States v. Exxon Co., USA* (*In re Nat. Gas Royalties Qui Tam Litig.*), 566 F.3d 956, 961 (10th Cir. 2009) ("The first-to-file bar thus functions both to eliminate parasitic plaintiffs who piggyback off the claims of a prior relator, and to encourage legitimate relators to file quickly by protecting the spoils of the first to bring a claim.").

The rule provides that when a qui tam plaintiff brings an action under the FCA, "no person other than the [g]overnment may [1] intervene or [2] bring a related action based on the facts underlying the pending action." § 3730(b)(5). Triumph argues that Little and Motaghed are "person[s]" who "intervene[d]" in Blyn's action. *Id.* And because § 3730(b)(5) is "a jurisdictional limit on the courts' power," *Grynberg*, *United States ex rel. v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 (10th Cir. 2004), accepting Triumph's argument would spell the end of Little and Motaghed's claims.[3]

---

[3] The parties dispute whether § 3730(b)(5) is a jurisdictional rule or a claim-processing one. *Compare Grynberg*, 390 F.3d at 1278, *with Gonzalez v. Thaler*, 565 U.S. 134, 141-42 (2012) (clarifying distinction between those classifications). But as we discuss below, none of the issues before us turn on this distinction. Thus, we decline to resolve this issue.

The success of this argument turns on the meaning of the word "intervene" in § 3730(b)(5). In the FCA context, the Supreme Court has defined "intervention" as "the requisite method for a nonparty to become a party to a lawsuit." *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009); *see id.* (defining intervention as "[t]he legal procedure by which . . . a third party is allowed to become a party to the litigation" (alterations in original) (quoting Black's Law Dictionary 840 (8th ed. 2004))). Under that broad formulation, intervention takes place when a non-party becomes a party—regardless of the mechanism by which that occurs.

Rigidly applying that definition here would make for an easy resolution. Before the amended complaint was filed, Little and Motaghed weren't parties. After its filing, they were. Thus, under *Eisenstein*'s definition, they intervened—and the first-to-file rule would bar their claims. *See Grynberg*, 390 F.3d at 1278. But we aren't writing on a blank slate; our analysis must account for this court's decision in *Precision*, 31 F.3d 1015. There, we held that two new relators didn't "intervene" in violation of § 3730(b)(5) when the original plaintiff added the relators through a Rule 15 amendment. *Id.* at 1017-18. Here, the district court applied *Precision* and determined that Little and Motaghed didn't intervene.

We conclude that *Precision* isn't controlling here. There, a corporate entity named Precision brought a qui tam action against defendant Koch Industries. After the district court ruled that Precision wasn't the "original source" of the allegations set forth in the

6

complaint,[4] Precision amended its complaint to add two individual relators. *Id.* at 1016.

The new relators were Precision's sole stockholders. *Id.* The district court dismissed the

amended complaint, reasoning in part that the new relators intervened in violation of

§ 3730. *Id.* at 1017.

> We reversed, explaining that

> the focal point for proper analysis is the word "intervene" contained in § 3730(b)(5). Is that word to be interpreted in its narrow, [Rule 24] plain legal meaning, or should it be granted greater breadth, as defendants suggest, to include any form of joinder? Our judgment tells us the statute implies intervention of the types set forth in Rule 24(b)(2), and the addition of parties does not constitute intervention.

*Id.*; *see id.* at 1019 (reversing dismissal).[5] And because the new relators in *Precision*

entered the action through a Rule 15 addition—and not a Rule 24 intervention—we

concluded that they didn't "intervene" as § 3730(b)(5) uses that term. *Id.* at 1016-17.[6]

---

[4] If the allegations of fraud in an FCA complaint were publicly available when the complaint was filed, the relator must show that he was "an original source" of the information. Otherwise, the court must dismiss the relator's claims (unless the government opposes dismissal). *See* § 3730(e)(4)(A).

[5] When we decided *Precision*, Rule 24(b)(2) was substantially similar to the current Rule 24(b)(1)(B). The current Rule provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

[6] We question whether our holding in *Precision* remains good law in light of the Supreme Court's subsequent decision in *Eisenstein*. The Supreme Court's broad definition of "intervention" as the "method for a nonparty to become a party to a lawsuit," 556 U.S. at 933, seems to include Rule 15 addition. But because we ultimately conclude that Little and Motaghed's entry into this action doesn't satisfy even *Precision*'s narrower definition of "intervene," we need not decide whether *Eisenstein* "invalidates our previous analysis." *United States v. Brooks*, 751 F.3d 1204, 1209 (10th Cir. 2014) (quoting *United States v. Shipp*, 589 F.3d 1084, 1090 n.3 (10th Cir. 2009)).

7

*Precision* thus established a dichotomy between addition and traditional intervention: in this circuit, § 3730(b)(5) permits the former, but not the latter.[7]

But Little and Motaghed can't rely on *Precision*'s narrow exception to the first-to-file rule, because they didn't enter this action through a Rule 15 addition.[8] Rule 15 provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Although the Rule doesn't define the term "amend," we've held that "Rule 15(a) governs the addition of a party." *Precision*, 31 F.3d at 1018. On that basis, the district court concluded that Rule 15 governed the amended complaint because Triumph hadn't yet been served with the original complaint. We don't disagree that Little and Motaghed met the Rule's timing requirement. But under

---

[7] Triumph argues that under *Precision*, newly added parties must be "related" to the original party to satisfy the first-to-file rule. Aplt. Br. 13; *see Precision*, 31 F.3d at 1017-18 ("[W]hen § 3730(b)(5) speaks of intervention, it means to prohibit parties unrelated to the original plaintiff from joining the suit to assert a claim based on the same facts relied upon by the original plaintiff."). And according to Triumph, Little and Motaghed are "unrelated" to Blyn. Aplt. Br. 33. We need not decide whether *Precision* imposed a relatedness requirement on new parties. At a minimum, Precision established that the entry of new parties violates § 3730(b)(5) unless it's accomplished by addition. And we conclude below that Little and Motaghed didn't enter this action through a Rule 15 addition.

[8] Although we use the word "addition" in this discussion, Blyn's exit from the action and Little and Motaghed's entry into it may be better described as a "substitution." But because Rule 15 covers both procedures, that distinction doesn't change our analysis. *See United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) ("Motions to add or substitute parties are considered motions to amend and therefore must comply with Rule 15(a).").

We also note that their "substitution" doesn't fit within any of the circumstances provided for in Rule 25. *See* Fed. R. Civ. P. 25 (allowing for substitution in the case of death, incompetency, or transfer of interest, and for public officers who leave office). Accordingly, we need not decide how the first-to-file rule interacts with Rule 25 substitutions.

the Rule, the right to amend lies solely with "[a] *party*." Fed. R. Civ. P. 15(a)(1) (emphasis added); *see Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 169 (4th Cir. 2001) ("Rule 15 allows liberal amendment by *parties*, not nonparties . . . ."). Blyn was the sole named plaintiff in the original complaint. Little and Motaghed, as non-parties, had no right to amend the complaint under Rule 15.[9]

Yet amend it they did. The docket sheet indicates that the amended complaint was "filed by Donald Little [and] Kurosh Motaghed." App. 4. The original complaint, by contrast, was "filed by Joe Blyn." *Id.* Nothing in the amended complaint indicates that Blyn filed it—or that he was even aware of it. His name appears nowhere in it. In fact, the complaint's Blyn-specific allegations morph into allegations about Little in the amended complaint. And Blyn didn't file a notice to the court or a motion of any kind. He simply disappeared from the action.

On appeal, Blyn submits a declaration accompanying Little and Motaghed's motion to amend the third amended complaint. In that declaration, Blyn asserts that he amended the complaint to allow Little and Motaghed to proceed as named plaintiffs after he left the case. We decline to consider that statement on appeal because Blyn failed to first present it to the district court. *See Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1474 (10th Cir. 1993) ("[T]he only proper function of a court of appeals is to review the decision

---

[9] The district court's contrary conclusion appears to conflict with its own prior recognition that Blyn was the original complaint's only relator. *Compare* App. 115 ("[T]he original [c]omplaint was filed under seal with Mr. Blyn as the sole relator."), *with id.* ("Because Relators had not yet served the [c]omplaint on [Triumph], Relators' right to amend *their* [c]omplaint once as a matter of course had not yet terminated." (emphasis added)).

below on the basis of the record that was made before the district court." (quoting *Jones v. Jackson Nat'l Life Ins. Co.*, 819 F. Supp. 1385, 1387 (W.D. Mich. 1993))).

It's unclear what procedural mechanism Little and Motaghed employed to enter the action. But it wasn't a Rule 15 addition—or an addition of any kind. Nor could it have been, because Little and Motaghed weren't parties and thus had no power to amend the complaint. That distinguishes this case from *Precision*, where the *existing plaintiff* added the new relators. *See Precision*, 31 F.3d at 1018 ("Precision filed an amended complaint which simply added William Koch and William Presley as plaintiffs."). And because Little and Motaghed didn't tread *Precision*'s narrow pathway for would-be relators, they intervened in violation of the first-to-file rule.

Our conclusion that the first-to-file rule bars their claims would seemingly require us to reverse the district court's order denying Triumph's motion to dismiss. § 3730(b)(5); *Grynberg*, 390 F.3d at 1278. But Little and Motaghed advance four arguments against dismissal. First, they argue that they were parties to the original complaint—and therefore didn't intervene—because they were two of the three John Does. Second, they maintain that Federal Rule of Civil Procedure 17 precludes dismissal of their claims. Third, they contend that their claims can't be dismissed without consent of the United States Attorney General. Finally, they assert that the first-to-file rule isn't jurisdictional. None of these arguments save Little and Motaghed's claims from dismissal.

First, Little and Motaghed seek to rely on the caption and text of the original complaint, which referred generally to John Doe plaintiffs. Little and Motaghed argue, as

10

they did below, that they "started as John Doe plaintiffs and, with Blyn, amended the Complaint to reveal their identities while the case was under seal." Aplee. Br. 5. Because they were already parties, Little and Motaghed contend, they didn't intervene by filing the amended complaint. They merely "reveal[ed] their identities." *Id.*

But even assuming that Little and Motaghed were, in fact, two of the John Does— an assumption Triumph disputes—that fact wouldn't protect their claims from the first-to-file rule. The Federal Rules of Civil Procedure "make no provision for suits by persons using fictitious names or for anonymous plaintiffs." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam); *see* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). True, we have "[i]n certain limited circumstances . . . permitted a plaintiff to proceed using a fictitious name." 886 F.2d at 1245. But in those circumstances—which don't exist here[10]—the parties must make a "request to the district court for permission to proceed anonymously." *Id.* Otherwise, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Id.*; *see W.N.J. v. Yocom*, 257 F.3d 1171, 1172-73 (10th Cir. 2001) (dismissing case for lack of jurisdiction because "plaintiffs failed to request permission from the district court before proceeding anonymously").

---

[10] We permit anonymity only when there are "significant privacy interests or threats of physical harm implicated by the disclosure of the plaintiff's name." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch.*, 886 F.2d at 1245. Little and Motaghed's alleged fear of retaliation by their employer doesn't meet that standard. *See id.* (explaining that anonymity "has not been permitted when only the plaintiff's economic or professional concerns are involved").

Little and Motaghed neither sought nor received the district court's permission to appear anonymously. Thus, even assuming they were two of the three John Does, the original complaint failed to "commence[]" the action "with respect to them." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch.*, 886 F.2d at 1245. And any subsequent commencement with respect to them that might have been achieved when they filed the amended complaint was an intervention barred by the first-to-file rule. *See* § 3730(b)(5).

Next, Little and Motaghed argue that Rule 17 authorized them to belatedly substitute themselves into the action. Specifically, they cite Rule 17(a)(1)(3), which provides that

> court[s] may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

We decline to affirm on this basis. First, Little and Motaghed waived this argument by failing to raise it in their opening brief. *See United States v. Ibarra-Diaz*, 805 F.3d 908, 933 (10th Cir. 2015). Second, even if we were inclined to address this late-blooming argument, we would reject it on the merits. Rule 17 prevents a district court from "dismissing an action for failure to name the real party in interest" without first giving that party leave to substitute into the action. *Esposito v. United States*, 368 F.3d 1271, 1274 (10th Cir. 2004). For example, if a wrongful death suit is filed in the decedent's name, but the action should have been filed by the decedent's spouse, Rule 17 permits the spouse to substitute for the decedent. *See id.* at 1274-75, 78. But here, no one

12

contends that Blyn—the original plaintiff—wasn't a real party in interest. And Triumph didn't move to dismiss on that basis. Accordingly, we can't retroactively construe Little and Motaghed's substitution as an attempt to avoid dismissal for "failure to name the real party in interest"—the only situation to which Rule 17 applies. Fed. R. Civ. P. 17 (a)(1)(3).

Next, Little and Motaghed contend that their claims can't be dismissed without consent of the United States Attorney General. They base this argument on § 3730(b)(1), which states that an FCA qui tam action "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." This provision "allows the government to resist [unfavorable settlements] and protect its ability to prosecute matters in the future." *Searcy v. Philips Elecs. N. Am. Corp.*, 117 F.3d 154, 160 (5th Cir. 1997). In light of that purpose, § 3730(b)(1) only prohibits an FCA relator from voluntarily dismissing his complaint without consent. *See Brown v. Sherrod*, 284 F. App'x 542, 543 (10th Cir. 2008) (unpublished) ("The consent of the Attorney General is required only where the plaintiff seeks a voluntary dismissal of the action, not where the district court grants a defendant's motion to dismiss for failure to state a claim."); *Minotti v. Lensink*, 895 F.2d 100, 103-04 (2d Cir. 1990) (same).

Here, Blyn didn't seek to voluntarily dismiss his complaint. Nevertheless, Little and Motaghed suggest that the amended complaint functioned as a de facto voluntary dismissal by divesting the district court of jurisdiction. In essence, Little and Motaghed propose a new rule: any pleading that ultimately leads to a court-ordered dismissal counts as a motion to voluntarily dismiss in the context of § 3730(b)(1). But they cite no

13

authority in support of their theory; indeed, the cases they cite appear to foreclose such an expansive reading of § 3730(b)(1). *See, e.g.*, *United States ex rel. Shaver v. Lucas W. Corp.*, 237 F.3d 932, 934 (8th Cir. 2001) ("[W]e interpret this provision to mean the Attorney General's consent is required only where the relator seeks a voluntary dismissal . . . ."). And instead of acknowledging this inconsistency and attempting to justify their proposed rule, Little and Motaghed seem to assume that we'll adopt that proposed rule without question. We decline to do so. *Cf. Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1031 (10th Cir. 2007) (refusing to address argument because party "failed to provide arguments or authorities in support of" its position).

Finally, Little and Motaghed argue that the first-to-file rule isn't jurisdictional but, instead, is a non-jurisdictional rule that "bears only on whether a qui tam plaintiff has properly stated a claim." Aplee. Br. 15 (emphasis omitted) (quoting *United States ex rel. Heath v. AT & T, Inc.*, 791 F.3d 112, 121 (2015)). And based on that assertion, Little and Motaghed contend that the order the district court certified for appeal "does not involve a controlling issue of law . . . as required by 28 U.S.C. § 1292(b)." Aplee. Br. 12; *see* § 1292(b) (permitting party to take interlocutory appeal from an order when district court certifies that order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation").[11]

---

[11] Accepting Little and Motaghed's assertion would arguably present a basis for dismissing this appeal—not for affirming. *Cf. Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 197 (4th Cir. 2011) (King, J., dissenting) (explaining that appellate court can "dismiss [a] § 1292(b) appeal if it becomes apparent that review

14

Little and Motaghed acknowledge our previous holding that the first-to-file rule is jurisdictional. *Grynberg*, 390 F.3d at 1278 (holding that first-to-file rule "is a jurisdictional limit on the courts' power to hear certain duplicative qui tam suits"). But they contend that *Grynberg* was superseded by the Supreme Court's intervening decision in *Gonzalez v. Thaler*, which clarified the distinction between jurisdictional rules and claim-processing rules. 565 U.S. 134, 141-42 (2012).

But even assuming that *Gonzalez* invalidated our previous ruling in *Grynberg*—a question we don't reach—we reject Little and Motaghed's assertion that the district court's certified order doesn't involve a controlling question of law. If the first-to-file rule were non-jurisdictional, Little and Motaghed's violation of the rule would nevertheless afford a basis for dismissal. *See Heath*, 791 F.3d at 119 ("Even if the district court wrongly characterized its dismissal as jurisdictional, we could sustain that judgment for failure to state a claim under Rule 12(b)(6)."). Our conclusion that Little and Motaghed violated the first-to-file rule thus "materially advance[s] the ultimate termination of the litigation." § 1292(b).

We therefore reject Little and Motaghed's four arguments against dismissing their claims.

### III

After this appeal was docketed, Little and Motaghed filed a motion in this court to amend the third amended complaint. Their proposed amendment would rename Blyn as a

was improvidently granted"). But they make this argument in their brief—not in a motion to dismiss—and thus impliedly present it as a basis to affirm the district court's order. In any event, because we reject their argument, this distinction is moot.

plaintiff. Little and Motaghed note that their motion isn't a concession that the district court lacked jurisdiction over their claims. But they assert that if we conclude the first-to-file rule bars their claims—as we do—then adding Blyn back into the action would correct this purported jurisdictional defect.

As authority for their proposed amendment, Little and Motaghed cite 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[12] But § 1653 doesn't allow for the type of amendment Little and Motaghed propose. The statute "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). In other words, § 1653 doesn't "empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed." *Id.* For that reason, § 1653 doesn't permit the addition of a party to create jurisdiction. *See Mills v. Maine*, 118 F.3d 37, 53 (1st Cir. 1997) ("The unequivocal rule of *Newman-Green* is that section 1653 does not authorize the addition or elimination of parties in order to create jurisdiction where jurisdiction does not exist.").

Little and Motaghed acknowledge this limitation of § 1653. But they argue that they don't seek to create jurisdiction where none existed. Because the district court had jurisdiction over Blyn's claim in the original complaint, they contend, the proposed

---

[12] In ruling on Little and Motaghed's motion, we need not decide whether the first-to-file rule is jurisdictional. *See supra* Part II; *Grynberg*, 390 F.3d at 1278. If it is not, § 1653 doesn't apply and we would deny the motion on that basis. If it is, we would deny the motion for the reasons discussed in the text.

amendment would merely correct their error of omitting Blyn from the amended complaint.

But as Triumph notes, the amended complaint—not the original complaint—is the starting point for the jurisdictional determination. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."). It's thus irrelevant whether the district court had jurisdiction over Blyn's claim in the original complaint. Even assuming the district court lacked jurisdiction over Little and Motaghed's claims in the amended complaint, § 1653 doesn't authorize an amendment to create jurisdiction. *See Newman-Green*, 490 U.S. at 831.

We thus deny Little and Motaghed's motion to amend the third amended complaint. And because our denial doesn't rely on Blyn's declaration in support of the motion, we deny as moot Triumph's motion to strike the declaration.

\*       \*       \*

Little and Motaghed intervened in this action when they filed the amended complaint. That intervention was barred by the FCA's first-to-file rule. Accordingly, we reverse the district court's order denying Triumph's motion to dismiss.

Entered for the Court

Nancy L. Moritz
Circuit Judge

17