FILED
United States Court of Appeals
Tenth Circuit

March 17, 2021

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

—————————————————

M.A.C.,

　　Plaintiff - Appellant,

v.

MONICA GILDNER, in their individual
capacity; ANGELA WEBB, in their
individual capacity; TINA ABNEY, in
their individual capacity,

　　Defendants - Appellees.

No. 20-3105
(D.C. No. 2:20-CV-02226-HLT-KGG)
(D. Kan.)

—————————————————

**ORDER AND JUDGMENT**[*]

—————————————————

Before **MATHESON**, **BALDOCK**, and **CARSON**, Circuit Judges.

—————————————————

　　Three days after plaintiff M.A.C. filed a lawsuit in the United States District

Court for the District of Kansas, the district court dismissed the case without

prejudice for lack of jurisdiction because plaintiff had not moved to proceed by her

initials only. Under our binding precedent, we hold that the district court correctly

identified a jurisdictional defect. We also hold that plaintiff did not preserve her

————————————————

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

argument that the district court's dismissal unintentionally created prejudice. Thus, exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND & PROCEDURAL HISTORY

Plaintiff claims that in 2009 she and her nine siblings traveled from their Kansas home to Colorado to visit family friends. While plaintiff and her siblings were at their friends' home, Colorado officials acted on allegedly unlawful Kansas child protection orders to separate them from their mother and place them in Kansas state custody, in violation of the Fourth and Fourteenth Amendments. As the younger children have reached the age of majority, they have filed or joined new suits for redress. So far, this court has upheld the district court's dismissals in each case. *See E.M.M. v. Douglas Cnty.*, ___ F. App'x ___, 2021 WL 28569 (10th Cir. Jan. 5, 2021); *N.E.L. v. Gildner*, 780 F. App'x 567 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 936 (2020); *N.E.L. v. Douglas Cnty.*, 740 F. App'x 920, 922 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1320 (2019).

Plaintiff filed her lawsuit on May 3, 2020. Although she is no longer a minor, she identified herself in the complaint by her initials only. She says she did so because:

- she shares the same last name with still-minor siblings who are identified in the complaint by their initials, *see* Fed. R. Civ. P. 5.2(a)(3) (presumptively requiring minors to be identified only by their initials);

- Kansas state law regarding child protection matters requires confidentiality; and

2

- the complaint includes allegations of sexual abuse committed upon some of plaintiff's siblings.

However, plaintiff did not provide these explanations to the district court because she did not file a contemporaneous motion to proceed by her initials only. Plaintiff tells us in her opening brief that she intended to file such a motion but her counsel experienced technical challenges with the district court's electronic filing system.

Counsel's description of her filing troubles is vague. She successfully filed the complaint on May 3, 2020, and she does not explain why she did not file a motion to proceed by initials the same day. Counsel instead reports she sent an e-mail to the district court clerk's office one day later, May 4, announcing her intent to file a motion to proceed using initials. In that e-mail, counsel further explained that, "[when] filing the case, the system made me put in a first and last name. I was hoping your office could fix that problem, too, if it's not too much trouble to remove one of the sets of initials." Aplt. Opening Br. at 3 (internal quotation marks omitted). This e-mail seems to say that, to satisfy the filing system requirements, counsel wrote "M.A.C." in both the first- and last-name fields. But plaintiff does not explain why this interfered with filing a motion to proceed by initials.

Plaintiff next says that on May 5, her counsel called and e-mailed the district court clerk's office "to report a sudden difficulty receiving emails at counsel's primary email address and also, to provide an alternative email address to receive [Notices of Electronic Filing]." *Id.* at 4 (footnote omitted). Again, she does not explain why this interfered with her ability to file a motion.

Plaintiff represents that on May 6, she received a communication from the clerk's office, directing her "to call the Office of Attorney Registration ('OAR')." *Id.* Then, "OAR's staff person apologized for not returning counsel's call because, due to the pandemic, the court-issued cell phone had never rung." *Id.* Yet again, she does not explain why this interfered with her ability to file a motion.

In any event, the same day, May 6, the district court entered a *sua sponte* order dismissing the action for lack of jurisdiction, given the failure to obtain permission to proceed by initials:

> The Federal Rules of Civil Procedure require that pleadings include the names of all parties, and that actions be prosecuted in the name of the real party in interest. The Federal Rules thus make no provision for suits by persons using fictitious names or for anonymous plaintiffs. Instead, a party who wishes to file anonymously or proceed under a pseudonym must first petition the district court for permission. If a party does not have permission, a federal court lacks jurisdiction over the unnamed parties. And because this issue is jurisdictional, a court may raise it sua sponte.
>
> Here, M.A.C. has not requested to proceed under a pseudonym. Accordingly, this Court lacks jurisdiction and must dismiss this case without prejudice. Upon re-filing, Plaintiff is cautioned that she must first request permission to proceed anonymously, if she wishes to do so.

Aplt. App. at 41–42 (internal quotation marks, citations, and footnote omitted).

Plaintiff, however, tells us she could not simply have re-filed the action. The events at issue took place in 2009 and normally she would have been required to bring any § 1983 claim within two years of those events. *See Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984) (en banc) (holding that Kan. Stat.

4

Ann. § 60-513(a)(4)'s two-year statute of limitations applies to § 1983 claims in Kansas). Plaintiff received the benefit of a statute extending her time to file for one year after she turned eighteen, *see* Kan. Stat. Ann. § 60-515(a), but she represents in her opening brief that "her nineteenth birthday intervened between the date the complaint was filed on May 3, 2020, and the date the dismissal was entered on May 6, 2020," Aplt. Opening Br. at 29—meaning the extended statute of limitations expired while the case was pending.

## II. ANALYSIS

Plaintiff's arguments on appeal raise essentially two issues: (i) whether the district court lacked jurisdiction; and, if so, (ii) whether the district court appropriately dismissed *sua sponte*, without warning.

### A. District Court's Jurisdiction

We review de novo a district court's finding that it lacks subject matter jurisdiction. *See, e.g.*, *Harms v. IRS*, 321 F.3d 1001, 1007 (10th Cir. 2003). The district court dismissed for lack of jurisdiction based on *National Commodity & Barter Association v. Gibbs*, 886 F.2d 1240 (10th Cir. 1989) (*NCBA*) (per curiam). *NCBA* was essentially a tax protester lawsuit in which some plaintiffs wished to remain anonymous. *See id.* at 1244–45. This court noted that Federal Rule of Civil Procedure 10(a), as then worded, said, "In the complaint, the title of the action shall include the names of all the parties . . . ." *Id.* at 1245 (ellipsis in original; internal

5

quotation marks omitted).[1] "The Federal Rules thus make no provision for suits by persons using fictitious names or for anonymous plaintiffs," although courts make exceptions in "certain limited circumstances." *Id.* But the unnamed plaintiffs had never asked for an exception.

In this light, the court announced that, "[a]bsent permission by the district court to proceed anonymously, and under such other conditions as the court may impose (such as requiring disclosure of their true identity under seal), the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Id.* The court therefore dismissed the complaint as to the unnamed plaintiffs. *Id.* The court further noted that it could do so, despite the defendants having never raised the argument, because the matter was "jurisdictional" and could be raised *sua sponte*. *Id.* n.3.

Plaintiff argues that *NCBA* has been partly superseded by the 2007 amendments to the Federal Rules of Civil Procedure. Those amendments added Rule 5.2, which, among other things, requires minors to be named only by their initials unless the court orders otherwise. *See* Fed. R. Civ. P. 5.2(a)(3). Thus, according to Plaintiff, *NCBA* is outdated when it says that "[t]he Federal Rules . . . make no provision for suits by persons using fictitious names or for anonymous plaintiffs." 886 F.2d at 1245. But this provides no help to plaintiff, who became an adult before she filed her complaint.

---

[1] Rule 10(a) still says as much, but in more direct language: "The title of the complaint must name all the parties . . . ."

Plaintiff also cites extra-circuit decisions supposedly disagreeing with *NCBA*. Plaintiff apparently hopes to convince us that *NCBA* was wrongly decided. But "[t]his panel cannot overrule prior panel decisions." *Muskrat v. Deer Creek Pub. Schs.*, 715 F.3d 775, 792 (10th Cir. 2013). This court continues to cite *NCBA* for its holding that proceeding anonymously without permission is a jurisdictional defect that may (and, indeed, must) be raised *sua sponte*. *See United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249–50 (10th Cir. 2017); *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

Because *NCBA* is still the law of the circuit, the district court correctly identified a defect in its subject-matter jurisdiction, namely, plaintiff's failure to provide her full name or seek permission to do otherwise. Dismissal for lack of jurisdiction was therefore substantively appropriate. However, plaintiff also raises a procedural objection.

### B. *Sua Sponte* Dismissal Without Prior Notice

Plaintiff alternatively argues that even if jurisdiction was lacking, the district court should not have dismissed without notice or an opportunity to be heard. And the without-prejudice nature of the dismissal does not render the purported error harmless, plaintiff says, because the statute of limitations expired during the three days the suit was pending. *Cf. AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("This court has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired.").

7

This court has apparently never stated a standard of review for a district court's choice to dismiss immediately (rather than issue an order to show cause) when it identifies a jurisdictional defect. But we need not announce a standard of review because the factual predicate of plaintiff's argument was not before the district court and is not properly before us.

Plaintiff points to nothing in the record alerting the district court to the statute-of-limitations problem that dismissal purportedly created, and her counsel's representations in the opening brief on appeal are not a substitute for making a proper record in the district court. *See, e.g.*, Fed. R. App. P. 28(a)(8)(A) ("The appellant's brief must contain . . . citations to the authorities and parts of the record on which the appellant relies . . . ."); *Am. Stores Co. v. Comm'r*, 170 F.3d 1267, 1271 (10th Cir. 1999) ("[W]hatever counsel . . . may have represented or argued in a brief, it was not evidence. It was only argument . . . ."). Plaintiff, apparently intent on overturning *NCBA*, decided to appeal immediately, without first telling the district court why its order may have unintentionally created prejudice (a matter with no necessary connection to whether *NCBA* remains good law). By failing to show she made her argument to the district court, plaintiff waived it for purposes of appeal. *See Petrini v. Howard*, 918 F.2d 1482, 1483 n.4 (10th Cir. 1990) ("A federal appellate court, as a general rule, will not reverse a judgment on the basis of issues not presented below.").

Nor can plaintiff claim lack of opportunity to make the argument. Of course "the district court should allow a plaintiff an opportunity to cure technical errors."

8

*Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). But in the context of a due process challenge to district courts' authority to screen *in forma pauperis* complaints for failure to state a claim, this circuit has held that

> lack of prior notice of a sua sponte dismissal with prejudice for failure to state a claim is harmless when, as here, the plaintiff has a reasonable post-judgment opportunity to present his arguments to the district court and the appellate court, including the opportunity to suggest amendments that would cure the complaint's deficiencies.

*Id.* This reasoning applies equally well to jurisdictional dismissals that unintentionally operate with prejudice. Plaintiff could have filed a postjudgment motion, such as under Federal Rule of Civil Procedure 59(e), thus giving the district court a chance to assess and rule on the claim that its dismissal was effectively with prejudice. At a minimum, such a motion would have created the necessary factual record before appealing. Plaintiff filed no such motion. We therefore do not reach her argument that the district court's dismissal unintentionally created prejudice.

## III.    CONCLUSION

We affirm the district court.

Entered for the Court

Joel M. Carson III
Circuit Judge

9