NOT DESIGNATED FOR PUBLICATION

No. 122,141

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

E. H.,
*Appellant*,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, PHYLLIS GILMORE, BRIAN DEMPSEY, MATTHEW BODDINGTON, GINA MEIER-HUMMEL, KANSAS OFFICE OF ADMINISTRATIVE HEARINGS, BOB CORKINS, SHARON WEIDMAIER, and ROBERT TOMLINSON,
*Appellees*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed September 10, 2021. Affirmed.

*Donna L. Huffman*, of The Law Office of Donna L. Huffman, of Oskaloosa, for appellant.

*Corliss Scroggins Lawson*, general counsel, Kansas Department for Children and Families, for appellees DCF, Phyllis Gilmore, Brian Dempsey, Matthew Boddington, and Gina Meier-Hummel.

*Stephen Phillips*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellees Sharon Weidmaier, Bob Corkins, Robert Tomlinson, and Kansas Office of Administrative Hearings.

Before BUSER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: On November 16, 2018, E.H. filed a petition against several defendants alleging multiple causes of action arising out of the defendants' conduct in investigating and adjudicating E.H.'s allegations of abuse against her father. Defendants moved to dismiss, which the district court granted. E.H. seeks our review of that decision.

1

Following a review of the record, we affirm the district court's dismissal of E.H.'s petition.

FACTUAL AND PROCEDURAL BACKGROUND

The long and somber saga of E.H.'s journey through the judicial system began in 2005 with a child abuse allegation against her father to Social and Rehabilitation Services (now Department for Children and Families) and has sojourned to the district court several times. It is now on its third trek to our court. *L.E.H. v. Kansas Dept. of SRS*, 44 Kan. App. 2d 798, 241 P.3d 167 (2010) (*L.E.H. I*); *L.E.H. v. Kansas Dept. of SRS*, No. 111,576, 2015 WL 5036725 (Kan. App. 2015) (unpublished opinion) (*L.E.H. II*). It has even made an appearance in federal court. Most of those facts are not pertinent to this appeal, and so it is unnecessary to recount the extensive case history in detail. The district court provided an excellent summary of the path to the current appeal:

> "In 2005, Plaintiff alleges her father physically abused her. Social [and] Rehabilitation Services ('SRS'), which is now the Department [for] Children and Families ('DCF'), investigated and issued notice that the allegations of abuse were unsubstantiated. SRS then filed a motion to dismiss with the Office of Administrative Hearings ('OAH'). OAH granted the motion to dismiss on November 21, 2005. Plaintiff then filed a Petition for Judicial Review of Agency Actions with the Shawnee County District Court in order to obtain a fair hearing on the matter with OAH. The Court subsequently issued an Order of Remand on May 2, 2006, directing the OAH to provide Plaintiff with a fair hearing.

> "Following the hearing pursuant to the Order of Remand, the OAH again found the alleged abuse to be unsubstantiated. Plaintiff again appealed to the district court alleging that the OAH and SRS Defendants interfered with her right to a fair hearing. The Court affirmed the agency findings of unsubstantiated abuse and found that Plaintiff had received due process. Plaintiff then appealed to the Kansas Court of Appeals. The Kansas Court of Appeals remanded the case back to the district court because it determined that SRS had applied an incorrect standard for clear and convincing evidence. The district court then remanded the issue back to SRS on December 7, 2010.

2

"Once again on remand, SRS issued a Final Order on September 13, 2013, again finding no substantiated abuse. On appeal to the district court for the third time, the district court affirmed SRS's findings. Plaintiff again appealed to the Kansas Court of Appeals, which affirmed the district court's findings.

"On March 28, 2014, Plaintiff filed a Kansas Open records Act ('KORA') suit in the Shawnee County District Court against the OAH. On November 24, 2015, the district court ordered the OAH to produce the records requested by Plaintiff.

"On April 27, 2017, Plaintiff filed a lawsuit in the United States District Court for the District of Kansas, alleging that Defendants' conduct in the 2005 abuse litigation violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Kansas Consumer Protection Act ('KCPA'), along with alleging common law tort violations. Plaintiff voluntarily dismissed all claims in the federal district court on May 17, 2018.

"The present action was filed in this Court on November 16, 2018. As stated, Plaintiff's Petition alleges violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, the KCPA, and tort claims for the alleged negligent and/or intentional infliction of emotional distress. Plaintiff asserts that Defendants sought to deprive her of due process and cover up the alleged abuse throughout the proceedings outlined above. Defendants submit in their motions to dismiss that all of Plaintiff's causes of action are time barred."

The district court granted Defendants' motions to dismiss, finding E.H.'s causes of action were barred by the applicable statutes of limitations. E.H. moved to alter or amend the judgment, which the district court denied. E.H. now appeals to this court seeking review of the district court's dismissal of her petition.

ANALYSIS

Because this case involves several parties, it is prudent to clarify how we identified them here so as to prevent confusion later. We grouped the defendants into two parties based on their two separate briefs filed with this court. The Kansas Department

3

for Children and Families, Phyllis Gilmore, Brian Dempsey, Matthew Boddington, and Gina Meier-Hummel all fall under the Department for Children and Families' acronym—DCF. Sharon Weidmaier, Bob Corkins, Robert Tomlinson, and the Kansas Office of Administrative Hearings received the moniker OAH. When applicable, the defendants are collectively called Defendants.

### DID THE DISTRICT COURT ERR IN GRANTING DEFENDANTS' MOTIONS TO DISMISS?

E.H. raises several issues in her brief, but her arguments boil down to a singular point—the district court erred when it granted Defendants' motions to dismiss her claims. It is E.H.'s position the district court erred in finding that she filed her petition outside the statute of limitations because, in her petition, she asserted that she filed her federal action within one year of turning 18 years old. E.H. also contends there was no valid motion to dismiss pending because she filed an amended petition.

DCF counters that E.H.'s claims were outside the statute of limitations and the operation of K.S.A. 60-515's tolling provision cannot save the petition because when E.H. finally filed a federal complaint under her own name, over a year had passed since she had reached the age of majority. DCF also avers that the district court properly disregarded E.H.'s amended complaint because she failed to obtain the requisite consent from Defendants before filing her amended pleading. Finally, DCF states that the district court correctly found each of E.H.'s claims were barred by their respective statutes of limitations. OAH largely concurs with DCF and adds that E.H. briefed the merits of her KCPA claims, which were not matters addressed by the district court.

4

*Standard of Review*

The propriety of a district court's motion to dismiss is a legal question reviewed de novo by the appellate courts. *Williams v. C-U-Out Bail Bonds*, 310 Kan. 775, 784, 450 P.3d 330 (2019).

*Analysis*

The outcome of this case revolves around two issues. First, whether E.H. filed a valid amended petition negating Defendants' motions to dismiss thereby rendering the district court's dismissal of her original petition an error. Second, whether the district court correctly determined E.H. did not file her federal complaint within one year of turning 18 years old. If the district court did not err on either of those issues, the appeal breaks down further to an analysis of whether the statutes of limitations for each of E.H.'s issues bar her claims.

A petition must contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." K.S.A. 2020 Supp. 60-208(a). In response to a petition, a defendant can file a motion asserting the complaint fails to "state a claim upon which relief can be granted." K.S.A. 2020 Supp. 60-212(b)(6).

> "'When a defendant uses [K.S.A. 60-212(b)(6)] to challenge the legal sufficiency of a claim, the court must decide the issue based only on the well-pled facts and allegations, which are generally drawn from the petition. Courts must resolve every factual dispute in the plaintiff's favor when determining whether the petition states any valid claim for relief. Dismissal is proper only when the allegations in the petition clearly demonstrate that the plaintiff does not have a claim. *Halley v. Barnabe*, 271 Kan. 652, 656, 24 P.3d 140 (2001) (citing *Ripley v. Tolbert*, 260 Kan. 491, 493, 921 P.2d 1210 [1996], and *Bruggeman v. Schimke*, 239 Kan. 245, 247-48, 718 P.2d 635 [1986]). Likewise, appellate courts reviewing a district court's decision to grant a motion to dismiss will assume as true the well-pled facts and any inferences reasonably drawn from

them. If those facts and inferences state any claim upon which relief can be granted, dismissal is improper. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013).' *Steckline Communications, Inc. v. Journal Broadcast Group of KS, Inc.*, 305 Kan. 761, 767-68, 388 P.3d 84 (2017)." *Williams*, 310 Kan. at 784.

Put another way, if the facts alleged in the petition and the reasonable inferences arising from them state a claim based on the plaintiff's theory or any possible theory, an appellate court must reverse the district court's dismissal of the action. *Williams*, 310 Kan. at 784. But "a pleading's bare legal conclusions need not be credited absolutely in the same way that the plaintiffs' factual allegations must be when a judge rules on a motion to dismiss." 310 Kan. at 785.

### A. The district court correctly disregarded E.H.'s amended petition.

E.H. filed an amended petition on May 28, 2019. Defendants jointly moved to strike the amended petition, arguing it was filed outside the 21-day time limit imposed by K.S.A. 2020 Supp. 60-215(a) and was also filed without leave of the district court or written consent from Defendants as required. In its dismissal order, the district court found the amended petition was not timely filed, that the court did not grant permission for the amended petition to be filed, and Defendants did not grant written consent for E.H. to file the amended petition. As a result, the district court disregarded the amended petition.

Before trial, a party may amend its pleadings under three circumstances: (1) as a matter of course within 21 days after serving the pleading; (2) with the court's leave; or (3) with the opposing party's written consent. K.S.A. 2020 Supp. 60-215(a)(1)(A), (2). E.H. does not argue she was within the 21 days or successfully obtained the court's leave. Instead, she focuses on the third option and argues Defendants provided written consent for her to extend her time to file an amended petition. She highlights an email from OAH's counsel as support for her contention.

6

In her motion to alter or amend the judgment, E.H. included an email chain between her counsel and the attorneys for DCF and OAH. In that email, E.H.'s counsel asked Defendants' attorneys if they opposed an extension until May 28 for her to file a response to their motion to dismiss. OAH's counsel responded that he did not oppose such an extension.

As the district court noted, the response from OAH's attorney was that he did not oppose giving E.H.'s attorney extra time to file a response to the motions to dismiss the Defendants had filed. It did not constitute consent to file a new, amended petition. Even if the attorney's response is construed as approval for E.H. to file an amended petition, E.H. is still missing another key ingredient to her argument, there is no evidence in the record that the other defendants, DCF, provided their consent to E.H. filing an amended petition. The district court did not err in disregarding E.H.'s amended petition because E.H. filed the amended petition without the requisite written consent.

> *B. The district court correctly found E.H.'s federal complaint was filed outside of K.S.A. 60-515's one-year tolling provision.*

E.H. filed a complaint anonymously, through her mother, in the federal district court for the District of Kansas on April 27, 2017. She later amended the complaint to be filed anonymously under her own initials on September 13, 2017. Because the federal rules do not allow the use of a pseudonym to conceal a plaintiff's true identity without permission of the federal district court, that court ordered E.H. to file an amended complaint using her real name. On March 20, 2018, E.H. filed an amended complaint in federal district court in compliance with the name requirement. Two months later, she voluntarily dismissed her complaint.

E.H. now argues she has the ability to raise her claims in state court through the combined operation of two statutes: K.S.A. 60-515 and K.S.A. 60-518. Under K.S.A.

60-515(a), if a person has a right to bring an action but was under a disability, such as being under 18 years old, when the cause of action accrued, the person may bring the action within one year of the disability being removed. K.S.A. 60-515(a). The purpose of K.S.A. 60-515 is to "mitigate the difficulties of preparing and maintaining a civil suit while the plaintiff is under a legal disability," like being a minor. See *Biritz v. Williams*, 262 Kan. 769, 774, 942 P.2d 25 (1997). K.S.A. 60-515 does not extend the statute of limitations, it merely tolls the same under specific, enumerated circumstances. 262 Kan. at 774.

> "In order for the provisions of K.S.A. 60-515(a) to toll the statute of limitations, a disability prescribed by that statute must have existed at the time the cause of action accrued or have come into existence during the period the applicable statute of limitations was running, without regard to any tolling of the statute." 262 Kan. at 774.

If an action begins in time, and the plaintiff fails in the action for a reason other than on the merits, a new action may be commenced within six months after this failure. K.S.A. 60-518. That said, to trigger the six-month grace period under K.S.A. 60-518, the action must commence during the statute of limitations time frame. *Lozano v. Alvarez*, 306 Kan. 421, 427-28, 394 P.3d 862 (2017).

In her petition, E.H. stated she was "entitled to reach back to recover for all conduct and damages as at the time the first cause of action accrued, she was a minor and therefore brings this action timely pursuant K.S.A. 60-515 within a year of turning 18 years old." Notably, E.H. did not list her birthdate or allege any facts to show she filed the first cause of action within a year of her 18th birthday.

E.H.'s first cause of action was the lawsuit filed in federal court. Determining when that action was filed, however, is not as simple as merely looking to the date on the original complaint. As noted above, E.H. initially filed her complaint anonymously through her mother before amending the complaint to file it under her own initials. After

8

the federal district court ordered her to file the complaint under her own name, E.H. filed an amended pleading, adhering to the court's rules, and named herself as the plaintiff. Almost an entire year passed between E.H.'s first anonymous complaint and the final complaint that was eventually properly filed under her name. Thus, it must be determined on what date the federal action truly started.

The federal rules dictate the precise point that E.H.'s action commenced. See *Chatterton v. Roberts*, 44 Kan. App. 2d 22, 25, 235 P.3d 1251 (2010). In *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242 (10th Cir. 2017), the Tenth Circuit Court of Appeals addressed when an action legitimately begins in those instances when a party first files a complaint anonymously. The *Triumph* court explained: "The Federal Rules of Civil Procedure 'make no provision for suits by persons using fictitious names or for anonymous plaintiffs.'" 870 F.3d at 1249. While the court acknowledged that the plaintiffs may proceed under a fictitious name in certain, limited circumstances, it noted that parties must first request permission from the district court to proceed anonymously. 870 F.3d at 1249. The court held that federal courts otherwise lack jurisdiction over unnamed parties because a case was not initiated with respect to them. 870 F.3d at 1249-50; see also *National Commodity and Barter Ass'n, National Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989):

> "In this case, the unnamed plaintiffs have made no request to the district court for permission to proceed anonymously, nor have they otherwise disclosed their identities to the court or to the defendants. Absent permission by the district court to proceed anonymously, and under such other conditions as the court may impose . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."

E.H.'s original complaint and first amended complaint were both filed anonymously in federal court. Because they did not properly name her as the plaintiff, an action did not commence at the time of their filing. It was not until E.H.'s second

amended complaint that she successfully launched an action in her name, and the federal court acquired jurisdiction over her claims. Thus, E.H.'s federal action—the original action as defined by the tolling provision under K.S.A. 60-515(a)—commenced on March 20, 2018.

The assertion that K.S.A. 60-515(a) applied to E.H.'s petition constitutes a legal conclusion which neither the district court nor this court is obligated to accept unless it is supported by well-pleaded facts. See *Roy v. Edmonds*, 45 Kan. App. 2d 1156, 1159, 261 P.3d 551 (2011) ("Nevertheless, the appellate court is not required to accept conclusory allegations as to the legal effects of the events if the allegations are not supported or are contradicted by the description of events."). It was impossible for the district court to discern from the contents of E.H.'s petition whether E.H. filed her federal complaint within the one-year tolling provision because she failed to provide any facts about the date of her birth. Rather, she simply offered the conclusory claim that her action commenced within one year of her turning 18 years old. A court assumes as true the well-pled facts in a petition. *Williams*, 310 Kan. at 784. But E.H.'s statement that she filed her federal action within one year of turning 18 years old falls short of a well-pled fact. Her petition contains neither the date of her birth nor the date her federal complaint was filed—two dates easily accessible to her. Without those dates, the district court justifiably dismissed E.H.'s petition.

OAH attached a document to its motion to dismiss entitled "Agency Summary." That summary redacts the day and month of E.H.'s birth but includes her birth year as 1998. Simple subtraction reveals that the federal complaint she properly filed in 2018 was 20 years after her birth year of 1998. Thus, she was at least 19 years old when her federal action began, and necessarily beyond the one-year tolling provision of K.S.A. 60-515(a). Additionally, another panel of this court previously explained that the abuse allegedly perpetrated by E.H.'s father occurred in May 2005 when she was seven years old. *L.E.H. I*, 44 Kan. App. 2d at 799. Again, employing basic arithmetic, one can calculate that the

10

complaint commencing E.H.'s federal action was filed just short of 13 years after the alleged abuse occurred. Adding those 13 years to her age of 7 when the abuse purportedly occurred in May 2005 places her outside the scope of K.S.A. 60-515(a)'s one-year tolling period.

Because E.H.'s federal complaint did not begin within the one-year tolling provision, the sixth-month savings provision in K.S.A. 60-518 is also not available as an avenue by which to render her current petition timely. The district court was correct in finding K.S.A. 60-515(a) and K.S.A. 60-518 did not apply.

*C. None of E.H.'s claims were filed within the applicable statutes of limitations.*

Because K.S.A. 60-515(a)'s tolling provision and K.S.A. 60-518's saving statute are inapplicable to E.H.'s claims, the district court analyzed each issue individually to determine whether each claim was filed within its controlling statute of limitations. Under each of those provisions, the district court found that E.H. failed to state a claim upon which relief could be granted and dismissed her petition. The relevant date for the statute of limitations analysis is November 16, 2018, when E.H. filed her petition in Shawnee County District Court.

1.     *42 U.S.C. § 1983 and § 1985*

E.H. alleged that violations of these two federal provisions occurred between 2005 and 2019. Parsing the petition, the district court separated E.H.'s claims into Corkins' purportedly continuous violation of KORA and the other claims against all Defendants which purportedly occurred prior to March 28, 2014.

Each state has a single statute of limitations for § 1983 claims—the state's residual personal injury statute of limitations. Kansas provides a two-year statute of limitations for

11

such claims. *Gragg v. McKune*, 28 Kan. App. 2d 256, 261, 16 P.3d 311 (2000); see K.S.A. 60-513(a)(4). Although a Kansas court has not yet addressed the appropriate statute of limitations for § 1985 actions, the Tenth Circuit has held that K.S.A. 60-513(a)(4) should also apply to such claims. *Lyons v. Kyner*, 367 Fed. Appx. 878, 882 (10th Cir. 2010) (unpublished opinion). We will follow the lead of the Tenth Circuit and apply K.S.A. 60-513(a)(4)'s two-year statute of limitations to E.H.'s § 1985 claim.

The district court was correct that E.H.'s petition does not allege any violations under § 1983 and § 1985 which occurred after March 28, 2014, save Corkins' allegedly ongoing failure to comply with a 2015 court order from E.H.'s KORA case. Because the Defendants' supposed conduct occurred more than two years before her petition was filed in Shawnee County District Court on November 16, 2018, E.H.'s claims must be dismissed under the two-year statute of limitations, K.S.A. 60-513(a)(4).

As for E.H.'s claim against Corkins for seemingly flouting the 2015 KORA order, the district court denied this claim because K.S.A. 2020 Supp. 45-223(a) limits the ability to recover damages through a KORA claim to the attorney general or county or district attorney. E.H. is thus prohibited from recovering damages for a KORA violation. That said, E.H. did not brief that issue for us and instead focused on the merits of her claim against Corkins. Kansas courts have found that an appellant's failure to address the district court's procedural basis for its ruling while only addressing the merits of the underlying issue is a reason to deny appellate review. *Beaver v. Kansas Employment Security Bd. of Review*, No. 121,972, 2020 WL 6533458, at *3 (Kan. App. 2020) (unpublished opinion). E.H.'s failure to brief this issue has resulted in its abandonment. The district court properly dismissed E.H.'s claims filed under § 1983 and § 1985.

## 2. *KCPA*

Much like E.H.'s KORA claim, the district court did not rule on the merits of this issue but dismissed it on a procedural bar. Yet E.H.'s brief to this court focuses on the merits of her KCPA issue. What she did not do was address the district court's dismissal of her KCPA claims under the statute of limitations. Arguments not briefed are considered abandoned. *Hernandez v. Pistotnik*, 58 Kan. App. 2d 501, 507, 472 P.3d 110 (2020) (citing *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 [2018]).

E.H. did not allege any violations of the KCPA which ostensibly occurred after 2014, other than the refusal to comply with the KORA order. K.S.A. 60-512 limits KCPA actions to a three-year statute of limitations. *Four Seasons Apartments v. AAA Glass Service, Inc.*, 37 Kan. App. 2d 248, 250, 152 P.3d 101 (2007). E.H.'s petition was filed in 2018, which was not within three years of the KCPA violations that allegedly occurred in 2014 or earlier. The district court was correct to dismiss her KCPA claims.

## 3. *Tort claims*

E.H. alleged violations in tort for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. The statute of limitations for personal injury is two years. K.S.A. 60-513(a)(4). The latest alleged tortious conduct of Defendants occurred no later than 2015. Again, E.H.'s petition was filed on November 16, 2018, well past the two-year statute of limitations governing such issues. The district court correctly dismissed E.H.'s tort claims.

The district court analyzed the applicable statute of limitations for each of E.H.'s issues. All of E.H.'s claims were barred by the applicable statute of limitations, except for the alleged KORA violations. But, again, the recovery of monetary damages for KORA

violations is limited to a very select few individuals. E.H. is not one of them. See K.S.A. 2020 Supp. 45-223(a). The district court correctly dismissed E.H.'s petition.

Briefly, the fourth section in E.H.'s brief alleges the district court erred when it found that previous final court rulings were erroneous. The district court's dismissal order does not state anything in relation to finding prior court rulings erroneous, and E.H. offers no citation to the record where the district court allegedly committed this erroneous decision. She does briefly mention the federal district court's order for her to substitute her name as the real party in interest and claims the Shawnee County District Court ignored the plain language of K.S.A. 60-217. Overlooking the fact that K.S.A. 60-217 would not apply in a federal suit, E.H. does not expand on how the Shawnee County District Court erred or ignored the federal court's orders. E.H.'s grievance with the state court alleges no real issue for us to analyze and decide.

Affirmed.